```
1   LAW OFFICES OF CHRISTOPHER IRVIN
    Christopher J. Irvin, Esq. (Bar No. 81962)
2   Tracy L. Baughman, Esq. (Bar No. 239432)
    1541 Ocean Avenue, Suite 200
3   Santa Monica, CA 90401
    Telephone: 310-451-7857
4

5   Attorneys for Defendant,
    ORTHO MATTRESS, INC.
6
                                                    NUNC PRO TUNC
7           UNITED STATES DISTRICT COURT             JUN - 2 2008

8           SOUTHERN DISTRICT OF CALIFORNIA

9

10  LEO WELTMAN, on behalf of himself, and  ) Case No. 08 CV 0840 JM WMc
    on behalf of all persons similarly situated, )
11                                           ) Hon. Jeffery T. Miller
                                             )                  FILE BY FAX
12              Plaintiffs,                  )
                                             ) NOTICE OF MOTION AND MOTION TO
13         v.                                ) DISMISS FOR LACK OF SUBJECT
                                             ) MATTER JURISDICTION [FRCP
14  ORTHO MATTRESS, INC.; and Does 1 to      ) 12(b)(1)]; MEMORANDUM OF POINTS
    10,                                      ) AND AUTHORITIES
15                                           )
                Defendants.                  )
16                                           ) Hearing Date: July 3, 2008
                                             ) Time:  1:30 p.m.
17                                           ) Courtroom: 16 (5th Floor)
                                             )
18                                           )
                                             )
19                                           )

20

21  TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

22         PLEASE TAKE NOTICE that on July 3, 2008 at 1:30 p.m., or as soon thereafter as the

23  matter may be heard in Courtroom 16 of this Court, located at 940 Front Street, San Diego,

24  California, defendant Ortho Mattress, Inc. ("Ortho") will move this Court to dismiss this action for

25  failure to plead facts sufficient to support subject matter jurisdiction under Federal Rule of Civil

26  Procedure 12(b)(1).

27         This motion is made on the grounds that Plaintiffs failed to allege a federal question,

28  complete diversity of citizenship or an amount in controversy exceeding $75,000. This motion is
```

-1-
MOTION TO STRIKE

1  based on this notice, the supporting memorandum of points and authorities, the arguments of
2  counsel and all other records and files in this action.

Dated: June 2, 2008

LAW OFFICE OF CHRISTOPHER IRVIN

By: _____
TRACY L. BAUGHMAN
Attorneys for Defendant Ortho Mattress, Inc.

-2-
MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

I.   INTRODUCTION

Plaintiff's complaint should be dismissed because it fails to properly allege subject matter jurisdiction under Rules 12(b)(1) of the Federal Rules of Civil Procedure.

II.   SUMMARY OF ALLEGATIONS

Plaintiff's complaint alleges violations of California Labor Code §§ 221, 226, 226.7, 512, 558, 1174, 1194, 2699.5, 2802. Plaintiff claims that Ortho failed to pay wages, failure to pay wages when due, failure to provide accurate itemized statements, failure to provide meal and rest periods, failure to indemnify, and unfair competition under California law.

Plaintiff improperly filed this action in Federal Court under 29 U.S.C. §201 even though the underlying causes of action are based on alleged violations of California law.

III.   ARGUMENT

A federal court has subject matter jurisdiction when: (1) the action arises under federal law; or (2) complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). "A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect can be corrected by amendment. *Smith v. McCullough* (1926) 270 U.S. 456, 459.

   A.   <u>The Court should dismiss this action because it does not arise under federal law.</u>

When subject matter jurisdiction is challenged under F.R.C.P. 12(b)(1), the federal court "is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."

*Stock West, Inc. v. Confederated Tribes* (9th Cir. 1989) 873 F. 2d 1221, 1225. Here, plaintiff alleges violations of state law, and therefore, the complaint should have been filed in state court.

A suit to recover wages is not within the federal court's federal question jurisdiction unless the nonpayment violates a specific federal law or the U.S. Constitution. *See e.g., Heath v. City of Fairfax* (4th Cir. 1976) 542 F.2d 1236; *Burgos v. Waterman S. S. Corp. of Puerto Rico* (D.P.R. 1960) 189 F. Supp. 683; *Brock v. Brotherhood of Sleeping Car Porters, Train, Chair Car, Coach Porters and Attendants* (W.D. La. 1955) 129 F. Supp. 849. Here, plaintiff's allegations arise from violations of the California Labor Code, which are also plead as violations of the Fair Labor Standards Act.

Where both federal and state causes of action are asserted as the result of a single wrong based on a common event or transaction, no separate and independent federal claim can be said to exist under 28 U.S.C. §1441(c). *In re City of Mobile* (11th Cir. 1996) 75 F.3d 605. In this case, plaintiff's allegation of failure to pay compensation and wages is based on common facts under both state and federal law. Therefore, the claim for failure to pay wages and compensation under 29 U.S.C. § 201 *et. seq.* arises from the same event or transaction plead under Cal. Lab. Code §§ 510, 515, 552, 1182, 1194, 1197 and 1198 *et. seq.* Plaintiff's claims do not arise under federal law, and should be dismissed by this court.

Even if this Court determines that there is an independent claim within the jurisdiction of this Court, the Court has discretion to remand the case to state court. "Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, <u>or, in its discretion, may remand all matters in which State law predominates</u>." 28 U.S.C. § 1441(c) (emphasis added). In this case, issues of California law predominate and this Court should exercise its discretion and dismiss this case, or in the alternative, remand to state court.

1      B.    <u>The Court should dismiss this action because Plaintiff has failed to allege diversity.</u>

Plaintiff's complaint does not allege diversity of citizenship. In order to invoke the jurisdiction of this Court, the complaint must distinctly set forth the citizenship of each plaintiff. *Snell v. Cleveland, Inc.* (9th Cir. 2002) 316 F. 3d 822, 824. When alleging the citizenship of a corporation, the complaint must identify the state of incorporation of each corporate defendant as well as the state where the corporation has its principal place of business. *Brant v. Bay City Super Market* (N.D. Cal. 1960) 182 F. Supp. 937, 939; *see also* 28 U.S.C. § 1332(c)(1). Plaintiff does not allege facts sufficient to demonstrate diversity of citizenship.

IV.    CONCLUSION

For the foregoing reasons, Defendant respectfully request that the Court dismiss plaintiff's complaint pursuant to F.R.C.P. 12(b)(1) because plaintiff's complaint fails to sufficiently allege subject matter jurisdiction.

Dated: June 2, 2008

LAW OFFICE OF CHRISTOPHER IRVIN

By: _____
TRACY L. BAUGHMAN
Attorneys for Defendant Ortho Mattress, Inc.

## PROOF OF SERVICE

*Weltman v. Ortho Mattress, Inc.*
Case No.: 08 CV 0840 JM WMc

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I declare as follows:

I am employed in the County of Los Angeles, State of California. My business address is: 612 North Sepulveda Boulevard, Second Floor, Los Angeles, CA, 90049. I am over the age of 18 and am not party to this action.

I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service.

On **June 2, 2008** I served the forgoing document entitled **NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION [FRCP 12(b)(1)]; MEMORANDUM OF POINTS AND AUTHORITIES** on all interested parties in this action:

| | |
|---|---|
| BLUMENTHAL & NORDREHAUG<br>Norman B. Blumenthal, Esq.<br>2255 Calle Clara<br>La Jolla, CA 92037 | UNITED EMPLOYEES LAW GROUP<br>Walter Haines, Esq.<br>65 Pine Ave. #312<br>Long Beach, CA 90802 |

__X__ BY MAIL: On June 2, 2008 I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

_____ VIA FACSIMILE: On June 2, 2008 I faxed the above document from (310) 496-0514 to the individuals listed above.

_____ BY PERSONAL SERVICE: On June 2, 2008 I caused a true and correct copy of said document to be personally served on each party listed above.

_____ VIA FEDERAL EXPRESS: On June 2, 2008 I deposited the sealed envelope with Federal Express with the postage thereon fully prepaid for overnight delivery

_____ (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

__X__ (FEDERAL) I declare that I am employed in the office of a member of a bar of this court at whose direction the service was made.

Executed on June 2, 2008, at Los Angeles, California.

_____
Tracy Baughman