**BLUMENTHAL & NORDREHAUG**
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232

**UNITED EMPLOYEES LAW GROUP**
Walter Haines (State Bar #71705)
65 Pine Ave, #312
Long Beach, CA 90802
Telephone: (562) 256-1047
Facsimile: (562) 256-1006

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEO WELTMAN, on behalf of himself, and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ORTHO MATTRESS, INC.; and Does 1 to 10,<br><br>Defendants. | Case No.: 08 cv 0840 JM (WMc)<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Hearing Date: July 3, 2008<br>Hearing Time: 1:30 p.m.<br><br>Judge: Hon. Jeffrey T. Miller<br>Courtroom: 16 (5th Floor) |

**I.     INTRODUCTION**

Defendant Ortho Mattress, Inc. ("Defendant") clearly misunderstands Federal jurisdiction. The Defendant's motion is a nearly indecipherable jumble of non-sequiturs and inapposite citations which never address the basis for Federal jurisdiction is this action. Defendant's failure to discuss or even cite to the controlling law applicable to this case is disturbing and inconsistent with the duty to insure that "the legal contentions are warranted by existing law" under Rule 11.

Plaintiff's Complaint expressly alleges a claim under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"). (*See* Complaint at ¶38-¶56 [Doc. No.1].) Federal jurisdiction over this claim is expressly authorized by 29 U.S.C. § 216(b). Because the state law claims also alleged in the Complaint arise from the "same event or transaction" and are "based on common facts," supplemental jurisdiction over the related state law claims is appropriate under 28 U.S.C. § 1367(a). This is the basis for Federal jurisdiction alleged in the Complaint. (Complaint at ¶5 [Doc. No. 1].) As the Supreme Court held in finding that an action alleging a claim under the Fair Labor Standards Act could be *removed* to Federal court: **"There is no question that Breuer could have begun his action in the District Court."** Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691, 694 (2003).[1]

Without explanation, Defendant's motion (i) fails to discuss this express basis for Federal jurisdiction, (ii) neglects to mention controlling Ninth Circuit and Supreme Court precedent, (iii) fails to cite any authority which supports the argument that there is no Federal jurisdiction over a FLSA claim, and (iv) instead presents an incoherent discussion of an unrelated removal statute. Simply put, Defendant's motion is so utterly without merit that one can only hope that any future arguments by the Defendant do not similarly waste this Court's time and resources.

Respectfully, the Defendant's motion to dismiss for lack of subject matter jurisdiction should be denied. Defendant's motion is nothing more than an attempt to delay this case and

---

[1] Unless otherwise indicated, all emphasis added and internal citations omitted.

needlessly increase the cost of litigation.

## II. LEGAL STANDARD FOR THE MOTION TO DISMISS

In considering a motion to dismiss, the court accepts the plaintiff's allegations as true and construes them in the light most favorable to the plaintiff. No. 84 Employer-Teamster Joint Council Pension Trust Fund v. Am. West Holding Corp., 320 F.3d 920, 931 (9th Cir. 2003); Arcade Water Dist. v. United States, 940 F.2d 1265, 1267 (9th Cir. 1991); Cruz v. Beto, 405 U.S. 319, 322 (1972). The sufficiency of the complaint must be determined considering the allegations in their entirety and viewing all facts in complaint as a whole. Id.; Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002); and Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). As a general matter, a court may only consider the pleadings and judicially noticed facts in deciding a motion to dismiss. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 (9th Cir. 1990).

## III. LAW & ANALYSIS

### A. SUBJECT MATTER JURISDICTION EXISTS UNDER 29 U.S.C. § 216

The first count in Plaintiff's Complaint alleges that the Defendant's employment practices violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. (Complaint at ¶38-¶56 [Doc. No.1].) In particular, the Complaint alleges that Defendant violated the Fair Labor Standards Act because:

> DEFENDANTS failed to pay PLAINTIFF, and other members of the COLLECTIVE CLASS, minimum wages for all hours worked and overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by section 7 of the FLSA, even though PLAINTIFF and the other members of the COLLECTIVE CLASS, were regularly required to work, and did in fact work, both regular overtime hours.

(Complaint at ¶51 [Doc. No.1].)

The Defendant's alleged non-payment of wages and overtime compensation violates 29 U.S.C. § 206 and 29 U.S.C. § 207 of FLSA.

Congress conferred jurisdiction over a claim under the Fair Labor Standards Act to this District Court as follows:

> Any employer who violates the provisions of section 6 or section 7 of this Act [29 USCS §§ 206 or 207] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.... **An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction** by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

29 U.S.C. § 216(b).

This Court therefore has original jurisdiction over the action pursuant to 29 U.S.C. § 216, and supplemental jurisdiction over the related state law claims under 28 U.S.C. § 1367(a).[2] *See* Breuer, 538 U.S. at 694; Dent v. Cox Communs. Las Vegas, Inc., 502 F.3d 1141, 1143 (9th Cir. 2007); Mincy v. Staff Leasing, L.P., 100 F. Supp. 2d 1050, 1052-3 (D. Az. 2000).

This basis for jurisdiction was plainly alleged in the Complaint at paragraph 5. (Complaint at ¶5 [Doc. No. 1].) Defendant's motion cites to no authority to the contrary and fails to even discuss these statutes which are alleged in the Complaint as the basis for Federal jurisdiction in this case.

### B. DEFENDANT'S CITATIONS ARE INAPPOSITE

Defendant's motion to dismiss is unintelligible, and the legal contentions asserted therein are not warranted by existing law as required by Rule 11. Because the legal arguments made in Defendant's motion are so lacking in legal support and coherence, such arguments are entitled to short shrift. Notably, Defendant's motion fails to cite any decision holding that a Fair

---

[2] As noted by the Third Circuit Court of Appeals in Lyon v. Whisman, 45 F.3d 758, 761 (3d Cir. 1995), "when the same acts violate federal and state laws, the common nucleus of operative facts is obvious and **federal courts routinely exercise supplemental jurisdiction over the state law claims**." Here, Defendant's Motion concedes that the action arises from a common nucleus of operative facts. (Def's Motion at 4:15 [Doc. No. 5]).

Labor Standards Act claim cannot be brought in Federal court, and in fact, Defendant's motion is devoid of any authority discussing jurisdiction of a FLSA claim. Defendant's motion provides no such authority because the law is entirely to the contrary.

First, Defendant's motion argues that there is no federal jurisdiction over this action. Defendant's argument and analysis, however, ignores the plain fact that 29 U.S.C. § 216 expressly confers jurisdiction to bring this action "in any Federal or State court". As recently confirmed by the Ninth Circuit Court of Appeals:

> This case arises under the FLSA, 29 U.S.C. §§ 201-19, as well as Nevada state law. **Jurisdiction in federal district court was proper under 28 U.S.C. § 1331 and 28 U.S.C. § 1367**.

Dent, supra, 502 F.3d at 1143; *see also* Breuer, 538 U.S. at 694; Mincy, 100 F. Supp. 2d at 1052-3 ("the Court has original jurisdiction" of an action with a FLSA claim); Smith v. K-mart Corp., 899 F. Supp. 503, 506 (E.D. Wash. 1995); Mathis v. Hous. Auth., 242 F. Supp. 2d 777, 779 (D. Ore. 2002).

The District Court in Mincy upheld the removal of an action based upon the presence of a FLSA claim and explained that Federal jurisdiction was proper:

> **Plaintiffs do not deny that their Complaint includes a claim under FLSA. Therefore, the Court has original jurisdiction based on federal-question claim.** Consequently, there are no "doubt[s] as to the right of removal in the first instance." *Id.* "The presence of even one claim 'arising under' federal law is sufficient to satisfy the requirement that the case be within the original jurisdiction of the district court for removal." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 386, 141 L. Ed. 2d 364, 118 S. Ct. 2047 (1998).
>
> ...Federal courts are reluctant to remand state claims, once they obtain original jurisdiction based on federal question, where all the claims derive from the same set of facts.

Mincy, 100 F. Supp. 2d at 1052-3.

Here, a Federal claim under FLSA is alleged, and therefore original jurisdiction in this Court is undeniable.

Second, Defendant's motion argues that under 28 U.S.C § 1441, Plaintiff's claims under FLSA "do not arise under federal law." (Def's Motion at 4:19). Defendant's citation to the removal statute is incomprehensible. Defendant's argument completely ignores that a FLSA

5

1  claim was pled as the first count of the Complaint. As the authorities cited above hold, an
2  action with a FLSA claim arises under Federal law and is within the District Court's original
3  jurisdiction. Indeed, such an action is also subject to removal to Federal court. Defendant's
4  reliance on the decision in <u>In re City of Mobile</u> 73 F.3d 605 (11th Cir. 1996) as support for the
5  argument that Section 1441 applies is misplaced. <u>In re Mobile</u> does not hold that a FLSA claim
6  does not arise under Federal law. In fact, <u>In re Mobile</u> held to the contrary that Section 1441
7  does not apply in a case where the claims have a common set of fact:

> The district court correctly found that the claims here were not separate and independent. Where both federal and state causes of actions are asserted as a result of a single wrong based on a common event or transaction, no separate and independent federal claim exists under section 1441(c). In this case, a single accident occurred, and state and federal claims were filed based on that accident. Therefore, **section 1441(c) is not applicable because no separate and independent claim exists.**

12  Defendant's continued citation to Section 1441 is not only nonsensical, but contrary to the
13  Defendant's sole authority cited. As <u>Mincy</u> held, there is no basis to remand a FLSA claim to
14  state court:

> [O]nce the Court has original jurisdiction over a claim, there is no statutory authorization to remand such federal law claim to the state court.

<u>Mincy</u>, <u>supra</u>, 100 F. Supp. 2d at 1053.

   Third, Defendant's motion argues that under 28 U.S.C § 1441(c), this Court may dismiss this case, in its discretion, because of the existence of pendent state law claims. As discussed above, Defendant's citation to this removal statute is illogical and contrary to settled precedent. <u>In re Mobile</u> holds that Section 1441(c) does not apply in this case where the state and Federal claims are based on a common set of facts.

   Instead, the controlling statute is 28 U.S.C. § 1367(a), which mandates that this Court exercise supplemental jurisdiction over the closely related state law claims alleged in the Complaint:

> [I]n any civil action of which the district courts have original jurisdiction, the **district courts <u>shall</u> have supplemental jurisdiction over all other claims** that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

1   28 U.S.C. § 1367(a).

2   Courts construing this statute have emphasized the mandatory language of Section 1367.[3] "[W]e think it is clear that section 1367(a) authorizes a district court to exercise its supplemental jurisdiction in mandatory language." Lindsay v. Gov't Emples. Ins. Co., 448 F.3d 416, 421 (D.C. Cir. 2006); *see also* New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc., 101 F.3d 1492, 1509 (3d Cir. 1996) ("By its language § 1367(a) confers jurisdiction in mandatory terms to include those cases 'which form part of the same case or controversy under Article III of the United States Constitution'"); McCoy v. Webster, 47 F.3d 404, 406 n.3 (11th Cir. 1995) ("Section 1367(a) requires the district court to exercise supplemental jurisdiction over claims which are closely related to claims over which the district court has original jurisdiction."); Executive Software N. Am. v. U.S. Dist. Ct. for the Cent. Dist. of Cal., 24 F.3d 1545, 1555 (9th Cir. 1994) ("By use of the word 'shall,' the statute makes clear that if power is conferred under section 1367(a), and its exercise is not prohibited by section 1367(b), a court can decline to assert supplemental jurisdiction over a pendent claim only if one of the four categories specifically enumerated in section 1367(c) applies.").

16   Defendant's motion (at page 4) admits that the Federal and state claims are "the result of a single wrong based upon a common event or transaction. Thus, the exercise of supplemental jurisdiction over the related state law claims, which form part of the same case or controversy, is mandatory in this case. In every case cited herein, the Courts concluded that related state claims are properly subject to the supplemental jurisdiction of the District Court. *See e.g.* Dent, supra, 502 F.3d at 1143; Mincy, supra, 100 F. Supp. 2d at 1052-3; Smith, supra, 899 F. Supp. at 506. This Court therefore has original jurisdiction over the Federal claim and supplemental jurisdiction over the state law claims. Defendant's inapposite citations do not change this conclusion.

---

[3] Section 1367 contains a few exceptions, none of which are applicable here, and none of which were argued or raised in the Defendant's motion.

**IV.  CONCLUSION**

Defendant's frivolous motion is an unfortunate waste of this Court's valuable time and resources. Based upon the above argument, Plaintiff respectfully submits that the Defendant's motion to dismiss should be denied.

Dated: June 17, 2008                    BLUMENTHAL & NORDREHAUG

By:    *s/Norman B. Blumenthal*
          Norman B. Blumenthal
          Attorneys for Plaintiff


UNITED EMPLOYEES LAW GROUP
Walter Haines, Esq.
65 Pine Ave, #312
Long Beach, CA 90802
Telephone: (562) 256-1047
Facsimile: (562) 256-1006

K:\D\NBB\Weltman v. Ortho\p-Opposition to Motion to Dismiss.wpd