**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LEO WELTMAN, on behalf of himself, and on behalf of all persons similarly situated,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>ORTHO MATTRESS, INC.; and Does 1 to 10,<br><br>　　　　　　　　　　　　Defendants. | CASE NO. 08 CV 0840 JM (WMc)<br><br>**ORDER DENYING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |

Defendant Ortho Mattress, Inc. ("Ortho") moves to dismiss this action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) on the ground that Plaintiff's underlying causes of actions are based on alleged violations of California law. Plaintiff opposes the motion. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the court denies the motion to dismiss for lack of subject matter jurisdiction.

**I.    BACKGROUND**

On May 7, 2008, Plaintiff Leo Weltman, an Ortho sales representative in California, commenced this class action against Ortho on behalf of himself and a class of current and previous Ortho sales representatives (the "Class"). Plaintiff's first cause of action alleges that Ortho violated the Fair Labor Standards Act ("FLSA"); Plaintiff, therefore, claims that the court has jurisdiction

under 28 U.S.C. § 1331. Plaintiff's six remaining causes of action allege the following California labor and business law violations, which arise out of the same transactions as Plaintiff's FLSA claim: (1) failure to pay earned wages and overtime compensation; (2) failure to pay wages when due; (3) failure to provide accurate itemized statements; (4) failure to provide meal and rest periods; (5) failure to indemnify; and (6) unlawful business practices. (Compl. ¶¶ 57–110.) Plaintiff contends that the court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

Plaintiff's complaint contains the following allegations: Ortho conducts business throughout the United States, but conducts substantial and regular business in San Diego and throughout California. (Compl. ¶ 18.) When Plaintiff was hired, Ortho described the job as a full-time position, wherein Plaintiff would earn commissions from the performance of certain duties. (Compl. ¶ 25.) Ortho paid Plaintiff a flat rate as a draw per day worked, regardless of the hours that Plaintiff actually worked. (Compl. ¶ 26.) Plaintiff was required to work more than eight hours a day, more than forty hours a week, and work hours on the seventh consecutive day of the work week. Because Ortho classified Plaintiff as exempt, Plaintiff received no compensation for any overtime worked. (Compl. ¶ 3.)

Plaintiff claims, therefore, that Ortho violated the FLSA, 29 U.S.C. §§ 206–207 and furthermore, that as a sales representative, he and the Class are entitled to non-exempt classification under 29 U.S.C. § 213. (Compl. ¶¶ 2, 32.) Plaintiff now seeks to have all Ortho sales representatives reclassified and seeks to recover all compensation that Ortho was required to provide by law, but failed to. Such compensation includes minimum wage for hours worked, regular and overtime compensation for hours worked, compensation for missed meals and rest breaks, reimbursement for out-of-pocket expenses, and compensation for amounts not paid upon leaving employment. (Compl. ¶ 4.) Ortho now brings a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

## II.  DISCUSSION

### A.  Legal Standards

#### 1.  Motion to Dismiss

Whenever it appears that the court lacks subject matter jurisdiction, the court shall dismiss the action. Fed. R. Civ. P. 12(h)(3). Unless affirmatively demonstrated, a federal court is presumed to

lack subject matter jurisdiction. Renne v. Geary, 501 U.S. 312, 316 (1991). On a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the nonmoving party bears the burden of persuading the court that subject matter jurisdiction exists and must support its allegations with competent proof of jurisdictional facts. Thomson v. Gaskill, 315 U.S. 442, 446 (1942).

### 2. Subject Matter Jurisdiction

Federal courts have jurisdiction over cases "arising under" federal law within the meaning of 28 U.S.C. § 1331 only when a well-pleaded complaint establishes that: (1) federal law creates the cause of action; or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27–28 (1983). Federal jurisdiction exists only when "a federal question is presented on the face of the plaintiff's properly pleaded complaint." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). A claim may be dismissed for lack of subject matter jurisdiction if it is "immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous." Bell v. Hood, 327 U.S. 678, 682–83 (1946).

Where the district court has original jurisdiction, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). The district court may decline to exercise supplemental jurisdiction over a claim if: (1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

### B. Analysis

Ortho argues that Plaintiff's complaint should be dismissed because it fails to properly allege subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Ortho contends that Plaintiff improperly filed this action in federal court under 28 U.S.C. § 1331 because Plaintiff's underlying claims are based on alleged violations of the California Labor Code, which are also pled as violations of the FLSA. (Mot. at pp. 3–4.) Plaintiff expressly alleges that Ortho's alleged non-payment of wages and overtime compensation violates 29 U.S.C. §§ 206–207 of the FLSA. (Compl.

1  ¶¶ 42, 51.) Federal jurisdiction over this claim is expressly authorized under 29 U.S.C. § 216(b),
2  which states that an action against an employer who violates § 206 or § 207 may be brought in "any
3  Federal or State court of competent jurisdiction." The Ninth Circuit Court of Appeals recently
4  confirmed this express authorization of jurisdiction in <u>Dent v. Cox Communications Las Vegas, Inc.</u>,
5  502 F.3d 1141 (9th Cir. 2007). In <u>Dent</u>, plaintiff alleged violations of the FLSA, 29 U.S.C. §§
6  201–219, as well as Nevada state law. Plaintiff claimed that he was entitled to unpaid overtime wages
7  under the FLSA and other wage payments under Nevada state law. <u>Id.</u> at 1143. The court held that
8  jurisdiction in federal district court was proper under 28 U.S.C. § 1331 and § 1367. <u>Id.</u> As in <u>Dent</u>,
9  here, Plaintiff alleges violations of the FLSA and state law. The court, therefore, clearly has original
10 jurisdiction over the instant action under 29 U.S.C. § 216.[1]

11  Ortho argues that under 28 U.S.C. § 1441(c), Plaintiff's FLSA claims do not arise under
12 federal law, citing <u>In re City of Mobile</u>, 75 F.3d 605 (11th Cir. 1996). <u>In re City of Mobile</u> is
13 inapposite because, as the foregoing analysis indicates, a separate and independent federal claim under
14 the FLSA in fact exists. Moreover, this court has supplemental jurisdiction over Plaintiff's state law
15 claims within the meaning of 28 U.S.C. § 1367(a). <u>See</u> <u>United Mine Workers of America v. Gibbs</u>,
16 383 U.S. 715, 725 (1966).

17 **III. CONCLUSION**

18  Based on the foregoing, the court hereby denies Defendant's 12(b)(1) motion to dismiss for
19 lack of subject matter jurisdiction.

20  **IT IS SO ORDERED.**

21 **DATED: August 6, 2008**

22 _____
23  **Hon. Jeffrey T. Miller**
    **United States District Judge**

24 cc:     All parties

---

[1]The court nonetheless has original jurisdiction over Plaintiff's FLSA claims uder 28 U.S.C. § 1331 as "arising under the laws of the United States. <u>Breuer v. Jim's Concrete of Brevard, Inc.</u>, 538 U.S. 691, 694 (2003). In <u>Breuer</u>, plaintiff filed his FLSA claim in state court, which defendant sought to remove to federal court. <u>Id.</u> at 693. The Court noted that there was no question that plaintiff could have begun his action in district court. <u>Id.</u> at 694.