1   **BLUMENTHAL & NORDREHAUG**
      Norman B. Blumenthal (State Bar #068687)
2    Kyle R. Nordrehaug (State Bar #205975)
      Aparajit Bhowmik (State Bar #248066)
3   2255 Calle Clara
    La Jolla, CA 92037
4   Telephone: (858)551-1223
    Facsimile: (858) 551-1232
5
    **UNITED EMPLOYEES LAW GROUP**
6      Walter Haines (State Bar #71705)
    65 Pine Ave, #312
7   Long Beach, CA 90802
    Telephone: (562) 256-1047
8   Facsimile: (562) 256-1006

9                  **UNITED STATES DISTRICT COURT**

10             **SOUTHERN DISTRICT OF CALIFORNIA**

11  | LEO WELTMAN, on behalf of himself, and | CASE No. 08 CV 0840 JM (WMc) |

LEO WELTMAN, on behalf of himself, and
on behalf of all persons similarly situated,

                    Plaintiffs,

vs.

ORTHO MATTRESS, INC.; and Does 1 to
10,

                    Defendants.

CASE No. 08 CV 0840 JM (WMc)

**FIRST AMENDED** CLASS AND
COLLECTIVE ACTION COMPLAINT
FOR:

1. FAILURE TO PAY COMPENSATION IN
VIOLATION OF 29 U.S.C. § 201, *et seq.*;
2. FAILURE TO PAY WAGES IN
VIOLATION OF CAL. LAB. CODE §§ 510,
515, 551, 552, 1182, 1194, 1197 AND 1198,
*et seq.*;
3. FAILURE TO PROVIDE WAGES WHEN
DUE IN VIOLATION OF CAL. LAB. CODE
§ 203;
4. FAILURE TO PROVIDE ACCURATE
ITEMIZED STATEMENTS IN VIOLATION
OF CAL. LAB. CODE § 226;
5. FAILURE TO PROVIDE MEAL AND
REST PERIODS IN VIOLATION OF CAL.
LAB. CODE § 226.7 AND 512;
6. FAILURE TO INDEMNIFY IN
VIOLATION OF CAL. LAB. CODE § 2802;
~~and;~~
7. UNFAIR COMPETITION IN
VIOLATION OF CAL. BUS. & PROF.
CODE § 17200, *et seq.*; and,
8. LABOR CODE PRIVATE ATTORNEY
GENERAL ACT [Labor Code § 2698]

DEMAND FOR A JURY TRIAL

1    Plaintiff Leo Weltman alleges on information and belief, except for his own acts and

2  knowledge, the following:

3                              **NATURE OF THE ACTION**

4    1.    Plaintiff Leo Weltman ("PLAINTIFF") brings this class action on behalf of

5  himself and a California class consisting of all individuals who are or previously were employed by

6  Defendant Ortho Mattress, Inc. and/or Does 1 to 10, (hereinafter collectively referred to as

7  "DEFENDANTS") as sales representatives and other similarly situated positions in California

8  during the ~~Class Period as hereinafter defined (the "CLASS")~~ period four (4) years prior to the filing

9  of this Complaint, who were classified by DEFENDANTS as exempt, and who have been or may be

10  subject to the challenged exemption classification policies and practices used by DEFENDANTS .

11    2.    Individuals in this position of sales representatives with DEFENDANTS are and

12  were employees entitled to be classified as non-exempt, entitled to be paid at least minimum wage,

13  entitled to regular and overtime compensation, entitled to be provided with meal and rest breaks,

14  entitled to reimbursement for out-of-pocket expenses spent in discharge of services for the

15  employer's benefit, and entitled to prompt payment of all amounts due and unpaid owing upon

16  leaving employment.

17    3.    Although DEFENDANTS require their employees employed as sales representatives

18  to work more than eight (8) hours a day, more than forty (40) hours a week, and work hours on the

19  seventh (7th) consecutive day of a work week, as a matter of policy and practice, DEFENDANTS

20  consistently and uniformly failed to properly classify these employees, and through such practice,

21  failed to record and pay such employees for hours worked, denying them the compensation that the

22  law requires.

23    4.    PLAINTIFF, on behalf of himself and the CLASS of sales representatives similarly

24  situated, seeks to have all such employees reclassified and recover all the compensation that

25  DEFENDANTS were required by law to provide, but failed to provide, to PLAINTIFF and all other

26  CLASS members, including but not limited to minimum wage for hours worked, regular and

27  overtime compensation for hours worked, compensation for missed meal and rest breaks,

28  reimbursement for out of pocket expenses, compensation for amounts not paid upon leaving

1     employment and such other and further compensation, penalties, and interest as shall be determined.

2

3     **JURISDICTION AND VENUE**

4          5.     This Court has jurisdiction over PLAINTIFF'S federal claim pursuant to 28

5     U.S.C.§1331, federal question jurisdiction, 29 U.S.C. § 216, the Fair Labor Standards Act, and 28

6     U.S.C. § 1367, supplemental jurisdiction of state law claims.

7          6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391, because Ortho

8     Mattress, Inc. (i) is subject to personal jurisdiction in this District, and, therefore, resides in this

9     District and/or (ii) committed the wrongful conduct against certain members of the CLASS in San

10    Diego County, California.

11

12    **PARTIES**

13         7.     Plaintiff Leo Weltman was employed by DEFENDANTS from on or about

14    March of  2007 to the present, in the state of California.

15         8.     DEFENDANTS conducted and continue to conduct substantial and regular business

16    in San Diego County, California, and throughout California.  DEFENDANTS also conduct business

17    throughout the United States and are an enterprise engaged in commerce within the meaning of the

18    Fair Labor Standards Act by regularly and recurrently receiving or transmitting interstate

19    communications.

20         9.     The Defendants named in this Complaint, and Does 1 through 10, inclusive, are, and

21    at all times mentioned herein were, the agents, servants, and/or employees of each of the other

22    Defendant and each Defendant was acting within the course of scope of his, her or its authority as

23    the agent, servant and/or employee of each of the other Defendant.  Consequently, all the

24    DEFENDANTS are jointly and severally liable to the PLAINTIFF and the other members of the

25    CLASS, for the losses sustained as a proximate result of DEFENDANTS' conduct.

26    _____

27

28

**FIRST AMENDED** COMPLAINT

**COLLECTIVE ACTION UNDER THE FLSA**

10.     PLAINTIFF brings this lawsuit as a collective action under the Fair Labor and Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA"), on behalf of all persons who were, are, or will be employed by DEFENDANTS in California as sales representatives or in other substantially similar positions, ~~at any time within the applicable statute of limitations period~~ during the period commencing four years prior to the filing of this Complaint and ending on the date as the Court shall determine (the "COLLECTIVE CLASS PERIOD"), who ~~have been misclassified as exempt from compensation for all hours worked~~performed work in excess of forty (40) hours in one week and did not receive overtime compensation as required by the FLSA (the "COLLECTIVE CLASS"). To the extent equitable tolling operates to toll claims by the COLLECTIVE CLASS against the DEFENDANTS, the COLLECTIVE CLASS PERIOD should be adjusted accordingly.  The COLLECTIVE CLASS includes all such persons, whether or not they were paid by commission, by salary, or by part commission and part salary.

11.     Questions of law and fact common to the COLLECTIVE CLASS as a whole, but not limited to the following, include:

a.     Whether DEFENDANTS misclassified PLAINTIFF and members of the COLLECTIVE CLASS as exempt from receiving compensation for all hours worked, including federal minimum wage compensation and overtime compensation;

b.     Whether DEFENDANTS failed to adequately compensate the members of the COLLECTIVE CLASS for all hours worked as required by the FLSA, including the time worked through their meal periods;

c.     Whether DEFENDANTS should be enjoined from continuing the practices which violate the FLSA; and,

d.     Whether DEFENDANTS are liable to the COLLECTIVE CLASS.

12.     The first cause of action for the violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. 216(b), for all claims asserted by the representative PLAINTIFF of the COLLECTIVE CLASS because the claims of the PLAINTIFF are similar to the claims of the members of the prospective

4

1  COLLECTIVE CLASS.

2  　　　13.　　PLAINTIFF Leo Weltman and the COLLECTIVE CLASS are similarly situated,

3  have substantially similar job requirements and pay provisions, and are subject to DEFENDANTS'

4  common and uniform policy and practice of misclassifying their employees, failing to pay for all

5  actual time worked and wages earned, and failing to accurately record all hours worked by these

6  employees in violation of the FLSA and the Regulations implementing the Act as enacted by the

7  Secretary of Labor (the "REGULATIONS").

8

9  　　　　　　　　　　　　　**CLASS ACTION ALLEGATIONS**

10  　　　14.　　PLAINTIFF Leo Weltman brings this action on behalf of himself in his individual

11  capacity and also on behalf of a California Class of all employees of DEFENDANTS in California

12  who were, are, or will be employed as sales representatives or in other substantially similar

13  positions, ~~who were misclassified as exempt from receiving compensation for all hours worked~~

14  during the period commencing ~~on the date~~ four years prior to the filing of this ~~c~~Complaint and

15  ending on the ~~class period cutoff~~ date as the Court shall determine (the "CALIFORNIA CLASS

16  PERIOD"), who performed work in excess of eight (8) hours in one day and/or forty (40) hours in

17  one week and/or hours on the seventh (7th) consecutive day of a workweek and did not receive

18  overtime compensation as required by Labor Code Section 510 and Wage Order 15-2001.  This

19  class is hereinafter referred to as the "CALIFORNIA CLASS."  The CALIFORNIA CLASS

20  includes all such persons, whether or not they were paid by commission, by salary, or by part

21  commission and part salary.

22  　　　15.　　DEFENDANTS, as a matter of corporate policy, practice and procedure, and in

23  violation of the applicable California Labor Code ("Labor Code") and Industrial Welfare

24  Commission ("IWC") Wage Order Requirements intentionally, knowingly, and systematically

25  misclassified the PLAINTIFF and the other members of the CALIFORNIA CLASS as exempt from

26  receiving compensation for all hours worked and other labor laws in order to avoid the payment of

27  wages due for hours worked by misclassifying their positions as commissioned sales employees.  To

28  the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against

1  DEFENDANTS, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

2       16.     DEFENDANTS violated the rights of the CALIFORNIA CLASS under California

3  law by:

4            (a)     Committing an act of unfair competition in violation of the California Labor

5                Code, by failing to pay PLAINTIFF and the members of the CALIFORNIA

6                CLASS all wages and compensation due for all hours worked in a work

7                week.

8            (b)     Violating California law, including Cal. Labor Code § 204, by failing to pay

9                PLAINTIFF and the members of the CALIFORNIA CLASS pay for all work

10                hours for which DEFENDANTS are liable pursuant to Cal. Lab. Code §

11                1194.

12            (c)     Violating Cal. Lab. Code §§ 1194 and 1197, the California Wage Order 4-

13                2001 (the "Wage Order"), California Code of Regulations § 11040(4), and

14                the applicable California Minimum Wage Orders by failing to pay

15                PLAINTIFF and the members of the CALIFORNIA CLASS at least the

16                applicable minimum wage rate for each year of the CALIFORNIA CLASS

17                PERIOD.

18            (d)     Violating the Wage Order and California Code of Regulations § 11040  by

19                misclassifying PLAINTIFF and the members of the CALIFORNIA CLASS as

20                exempt commissioned sales persons and failing to provide overtime

21                compensation for all hours worked excess of eight (8) hours in a day, forty

22                (40) in a week, or for hours worked on the seventh (7th) consecutive workday

23                day.

24            (e)     Violating Cal. Lab. Code § 203, which provides that when an employee is

25                discharged or quits from employment, the employer must pay the employee

26                all wages due without abatement, by failing to tender full payment and/or

27                restitution of wages owed or in the manner required by California law to the

28                members of the CALIFORNIA CLASS who have terminated their

6

1       employment.  Thus, DEFENDANTS are liable for such wages for a period of

2       thirty (30) days following the termination of such employment.

3       (f)    Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the

4       members of the CALIFORNIA CLASS with an accurate itemized statement

5       in writing showing the total hours worked by the employee.

6       (g)    Violating the Wage Order and California Code of Regulations § 11040,

7       subsection 7, by failing to maintain accurate records of time and hours

8       worked in the payroll period and failing to make such information available

9       to employees.

10       (h)    Violating Cal. Lab. Code §§ 1198 and 226.7 and the regulations and orders

11       implementing the Code, by failing to provide PLAINTIFF and the members

12       of the CALIFORNIA CLASS with meal periods and are thus liable for

13       premium pay of one hour for each workday such meal periods were denied.

14       (i)    Violating Cal. Lab. Code § 2802 by failing to indemnify and reimburse

15       PLAINTIFF, and all the members of the CALIFORNIA CLASS for all

16       expenses incurred in direct consequence of the discharge of their duties

17       17.    This Class Action meets the statutory prerequisites for the maintenance of a Class

18  Action as set forth in Rule 23 of the Federal Rules of Civil Procedure ("F.R.C.P."), in that:

19       (a)    The persons who comprise the CALIFORNIA CLASS are so numerous that

20       the joinder of all such persons is impracticable and the disposition of their

21       claims as a class will benefit the parties and the Court;

22       (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that

23       are raised in this Complaint are common to the CALIFORNIA CLASS and

24       will apply uniformly to every member of the CALIFORNIA  CLASS;

25       (c)    The claims of the representative PLAINTIFF are typical of the claims of each

26       member of the CALIFORNIA CLASS.   PLAINTIFF, like all other members

27       of the CALIFORNIA CLASS, was systematically misclassified as exempt

28       from receiving compensation for all hours worked and sustained economic

**FIRST AMENDED** COMPLAINT

1     injuries arising from DEFENDANTS' violations of the laws of California.

2     PLAINTIFF and the members of the CALIFORNIA CLASS are similarly or

3     identically harmed by the same unlawful, deceptive, unfair and pervasive

4     pattern of misconduct engaged in by the DEFENDANTS of systematically

5     misclassifying as exempt all sales representatives from receiving

6     compensation for all hours worked.

7     (d)     The representative PLAINTIFF will fairly and adequately represent and

8     protect the interest of the CALIFORNIA CLASS, and has retained counsel

9     who are competent and experienced in Class Action litigation.  There are no

10     material conflicts between the claims of the representative PLAINTIFF and

11     the members of the CALIFORNIA CLASS that would make class

12     certification inappropriate.  Counsel for the CALIFORNIA CLASS will

13     vigorously assert the claims of all Class Members.

14     18.     In addition to meeting the statutory prerequisites to a Class Action, this action is

15     properly maintained as a Class Action pursuant to F.R.C.P. 23, in that:

16     (a)     Without class certification and determination of declaratory, injunctive,

17     statutory and other legal questions within the class format, prosecution of

18     separate actions by individual members of the CALIFORNIA CLASS will

19     create the risk of:

20     1)     Inconsistent or varying adjudications with respect to individual

21     members of the CALIFORNIA CLASS which would establish

22     incompatible standards of conduct for the parties opposing the

23     CALIFORNIA CLASS; or,

24     2)     Adjudication with respect to individual members of the

25     CALIFORNIA CLASS which would as a practical matter be

26     dispositive of interests of the other members not party to the

27     adjudication or substantially impair or impede their ability to protect

28     their interests.

8

1          (b)     The parties opposing the CALIFORNIA CLASS have acted on grounds

2  generally applicable to the CALIFORNIA CLASS, making appropriate class-

3  wide relief with respect to the CALIFORNIA CLASS as a whole in that the

4  DEFENDANTS systematically misclassified all sales representatives as

5  exempt from receiving compensation for all hours worked;

6          (c)     Common questions of law and fact exist as to the members of the

7  CALIFORNIA CLASS and predominate over any question affecting only

8  individual members, and a Class Action is superior to other available

9  methods for the fair and efficient adjudication of the controversy, including

10  consideration of:

11          1)     The interests of the members of the CALIFORNIA CLASS in

12  individually controlling the prosecution or defense of separate actions;

13          2)     The extent and nature of any litigation concerning the controversy

14  already commenced by or against members of the CALIFORNIA

15  CLASS;

16          3)     The desirability or undesirability of concentrating the litigation of the

17  claims in the particular forum;

18          4)     The difficulties likely to be encountered in the management of a Class

19  Action; and,

20          5)     The basis of DEFENDANTS misclassifying PLAINTIFF and the

21  CALIFORNIA CLASS as exempt from receiving overtime

22  compensation.

23      19.    This Court should permit this action to be maintained as a Class Action pursuant to

24  F.R.C.P. 23 because:

25          (a)     The questions of law and fact common to the CALIFORNIA CLASS

26  predominate over any question affecting only individual members;

27          (b)     A Class Action is superior to any other available method for the fair and

28  efficient adjudication of the claims of the members of the CALIFORNIA

9

1  CLASS;

2  (c)  The members of the CALIFORNIA CLASS are so numerous that it is

3       impractical to bring all members of the CALIFORNIA CLASS before the

4       Court;

5  (d)  PLAINTIFF, and the other CALIFORNIA CLASS members, will not be able

6       to obtain effective and economic legal redress unless the action is maintained

7       as a Class Action;

8  (e)  There is a community of interest in obtaining appropriate legal and equitable

9       relief for the common law and statutory violations and other improprieties,

10      and in obtaining adequate compensation for the damages and injuries which

11      DEFENDANTS' actions have inflicted upon the CALIFORNIA CLASS;

12  (f)  There is a community of interest in ensuring that the combined assets and

13      available insurance of DEFENDANTS are sufficient to adequately

14      compensate the members of the CALIFORNIA CLASS for the injuries

15      sustained;

16  (g)  DEFENDANTS have acted or refused to act on grounds generally applicable

17      to the CALIFORNIA CLASS, thereby making final class-wide relief

18      appropriate with respect to the CALIFORNIA CLASS as a whole; and

19  (h)  The members of the CALIFORNIA CLASS are readily ascertainable from the

20      business records of the DEFENDANTS.  The CALIFORNIA CLASS

21      consists of all of DEFENDANTS' employees employed as sales

22      representatives in California who were classified as exempt from receiving

23      wages for all hours worked.  DEFENDANTS, as a matter of law, has the

24      burden of proving the basis for the exemption as to each and every sales

25      representative so classified.  To the extent that DEFENDANTS have failed to

26      maintain records sufficient to establish the basis for the exemption (including

27      but not limited to, the employee's job duties, wages, and hours worked) for

28      any sales representative, DEFENDANTS are estopped, as a matter of law,  to

10

1    assert  the existence of the exemption.

2

3                    **GENERAL ALLEGATIONS**

4        20.        DEFENDANTS, as a matter of corporate policy, practice and procedure, and in

5    violation of the applicable California Labor Code ("Labor Code"), Industrial Welfare Commission

6    ("IWC") Wage Order Requirements, and the applicable provisions of the FLSA, intentionally,

7    knowingly, and wilfully, on the basis of job title alone and without regard to the actual overall

8    requirements of the job or compensation paid, systematically misclassified the PLAINTIFF and the

9    other members of the CALIFORNIA CLASS and the COLLECTIVE CLASS (the "CLASS") as

10   exempt from receiving wages for all hours worked.  This practice of DEFENDANTS was intended

11   to purposefully avoid the payment of earned wages by misclassifying the PLAINTIFF and other

12   sales representatives similarly situated as exempt, commissioned sales people, regardless of whether

13   wages should have been paid and regardless of whether actual "commissions" were in fact paid to

14   the CLASS.  To the extent equitable tolling operates to toll claims by the CLASS against

15   DEFENDANTS, the CALIFORNIA CLASS PERIOD and the COLLECTIVE CLASS PERIOD (the

16   "CLASS PERIODS")  should be adjusted accordingly.

17       21.        DEFENDANTS have intentionally and deliberately created numerous job levels and

18   a multitude of job titles to create the superficial appearance of hundreds of unique jobs, when in

19   fact, these jobs are substantially similar and can be easily grouped together for the purpose of

20   determining whether they are entitled to wages for hours worked and whether DEFENDANTS were

21   required to maintain accurate time and hour records.  Indeed, one of DEFENDANTS' purposes in

22   creating and maintaining this multi-level job classification scheme is to create a roadblock to

23   discovery and class certification for all employees similarly misclassified as exempt.

24   DEFENDANTS have uniformly misclassified these CLASS members as exempt and denied them

25   wages and other benefits to which they are entitled in order to unfairly cheat the competition and

26   unlawfully profit.

27       22.        DEFENDANTS maintain records from which the Court can ascertain and identify

28   each of DEFENDANTS' employees who as CLASS members, have been systematically,

                                        11

                             **FIRST AMENDED** COMPLAINT

1    intentionally and uniformly misclassified as exempt from receiving wages for all hours worked as a

2    matter of DEFENDANTS' corporate policy, practice and procedure.  To the extent DEFENDANTS'

3    have assigned job titles other than "sales representative" to employees subjected to the practices

4    herein alleged, PLAINTIFF will seek leave to amend the complaint to include any additional job

5    titles when they have been identified.

6        23.    DEFENDANTS have intentionally and deliberately created a variety of pay

7    structures to create the superficial appearance of unique payment plans, when in fact, these payment

8    plans were all effectuated and applied across the board to all employees at certain times during the

9    CLASS PERIOD.  One of DEFENDANTS' purposes in creating and maintaining different payment

10   schemes throughout the CLASS PERIOD is to create a roadblock to discovery and class

11   certification for all employees similarly misclassified as exempt.   PLAINTIFF and the other

12   members of the CLASS were all similarly subjected to each payment plan when such plans were put

13   in place by DEFENDANTS.  These employees can be easily grouped together for the purpose of

14   analyzing whether each payment plan deprived the PLAINTIFF and members of the CLASS of

15   wages and rights to which these employees were entitled receive because DEFENDANTS uniformly

16   subjected PLAINTIFF and the CLASS members to each payment plan, for each period that each

17   plan was in effect, thereby denying PLAINTIFF and the members of the CLASS wages and rights to

18   which they are entitled, in order to unfairly cheat the competition and unlawfully profit.

19       24.    DEFENDANTS maintain records from which the Court can ascertain and identify

20   each of DEFENDANTS' pay structures that systematically, intentionally and uniformly deprived

21   PLAINTIFF and the members of the CLASS from receiving wages for all hours worked as a matter

22   of DEFENDANTS' corporate policy, practice and procedure.   PLAINTIFF will seek leave to

23   amend the complaint to detail these pay structures, whether such pay structures were comprised of

24   pay by commission, by salary, or by part commission and part salary.

25

26                                    **THE CONDUCT**

27       25.    PLAINTIFF Leo Weltman was hired by DEFENDANTS and placed into the job title

28   of "sales representative," in one of DEFENDANTS' offices in the state of California.  The job title

1  was described to the PLAINTIFF as a full-time position, wherein the performance of certain duties

2  would entitle PLAINTIFF to commissions.  PLAINTIFF functioned as a working member on the

3  production side of the mercantile business of DEFENDANTS.  The job duties of PLAINTIFF and

4  the other members of the CLASS are to sell and market DEFENDANTS' merchandise, which

5  largely consist of beds, mattresses and other related items, according to established procedures.

6  These items sold by DEFENDANTS are the "products" that DEFENDANTS deliver to the

7  customers.  The PLAINTIFF and other members of the CLASS sell these items based on rigidly

8  defined parameters established by DEFENDANTS.  In addition, as part of his employment with

9  DEFENDANTS, PLAINTIFF was required to use his automobile to conduct business.

10  DEFENDANTS, however, refused to reimburse PLAINTIFF for automobile expense expended in

11  direct consequence of the discharge of PLAINTIFF'S duties for DEFENDANTS.

12      26.     PLAINTIFF and the members of the CLASS were paid a flat rate as a draw per day

13  worked, without regard to the actual numbers of hours worked per day.  These employees were

14  required to record the time worked on their timesheets, based solely upon the hours that the

15  employees were working inside the retail store, without regard to the fact that all sales

16  representatives were required to work before the retail store was open to the public.  This practice

17  resulted because DEFENDANTS' retail stores do not have cash registers.  As a result, when

18  PLAINTIFF and the other members of the CLASS make sales that are paid in cash, these employees

19  are required to collect and store the cash received from the sale.  PLAINTIFF and every member of

20  the CLASS is then responsible to deposit the cash at the DEFENDANTS' bank the next day, before

21  arriving at the DEFENDANTS' retail store.  This systematic procedure causes PLAINTIFF and the

22  members of the CLASS to work a substantial amount of extra hours, for which they do not receive

23  any extra compensation.

24      27.     In performing these routine tasks for DEFENDANTS at DEFENDANTS' retail

25  stores, the members of the CLASS have worked and continue to work for DEFENDANTS without

26  being paid the requisite minimum or overtime wages for all hours worked.  As a result of these

27  rigorous demands, PLAINTIFF and other similarly situated employees who did not perform office

28  work, were also often unable to take uninterrupted meal and/or rest breaks due to the press of

1   DEFENDANTS' business.  During the Class Period, PLAINTIFF, and the members of the CLASS

2   worked and/or still work on the production side of the DEFENDANTS' business, but are

3   nevertheless misclassified as exempt.

4         28.     Neither the PLAINTIFF, nor any member of the CLASS, was primarily engaged in

5   work of a type that was or now is directly related to the DEFENDANTS' management policies or

6   general business operations, when giving these words a fair but narrow construction.  Neither the

7   PLAINTIFF, nor any member of the CLASS was primarily engaged in work of a type that was or

8   now is performed at the level of the policy or management of the DEFENDANTS.  To the contrary,

9   the work of DEFENDANTS' sales representatives is work wherein PLAINTIFF and the members of

10  the CLASS are primarily engaged in the day to day business operations of the DEFENDANTS, to

11  sell the DEFENDANTS' merchandise in accordance with the established criteria of the management

12  policies and general business operations established by DEFENDANTS' management.  A sales

13  representative's work in selling DEFENDANTS' merchandise does not permit judgment or

14  discretion that is independent, as this work is performed according to DEFENDANTS' established

15  criteria and procedures.

16        29.     Considerations such as (a) DEFENDANTS' realistic expectations for the job titled

17  sales representative, on the production side of the DEFENDANTS' business enterprise, and (b) the

18  actual overall requirements of the job titled sales representative, are susceptible to common proof.

19  The fact that their work and those of other similarly situated employees involved, on occasion, a

20  bonus or a draw on commission does not mean that the PLAINTIFF and other members of the

21  CLASS are exempt from receiving minimum or overtime wages for all hours worked.  The work

22  that PLAINTIFF and other members of the CLASS were and are primarily engaged in performing

23  day to day activities is the work that is required to be performed as part of the day to day business of

24  DEFENDANTS.  As a result, PLAINTIFF and the other members of the CLASS were and still are

25  primarily engaged in work that falls squarely on the production side of the administrative/production

26  worker dichotomy.

27        30.     DEFENDANTS systematically misclassified as exempt PLAINTIFF and all other

28  members of the CALIFORNIA CLASS and COLLECTIVE CLASS solely on the basis of their job

14

**FIRST AMENDED** COMPLAINT

1  title and without regard to DEFENDANTS' realistic expectations, the actual overall requirements of

2  the job, the hours worked or the pay received by the employee.  Consequently, PLAINTIFF and the

3  other members of the CALIFORNIA CLASS and COLLECTIVE CLASS were uniformly and

4  systematically exempted by DEFENDANTS from payment of wages due for hours worked during

5  the CLASS PERIOD.

6         31.    Cal. Lab. Code § 515 appoints the Industrial Welfare Commission to establish

7  exemptions from the requirement that an overtime rate of compensation be paid pursuant to

8  Sections 510 and 511 for executive, administrative, and professional  employees, provided that the

9  employee is primarily engaged in the duties that meet the test of the exemption, customarily and

10  regularly exercises discretion and independent judgment in performing those duties, and earns a

11  monthly salary equivalent to no less than two times the state minimum wage for full-time

12  employment.  California Labor Code § 515 and Industrial Welfare Commission Wage Order 4-2001

13  (the "Wage Order") set forth the requirements which must be satisfied in order for an employee to

14  be lawfully classified as exempt from certain provisions of the Wage Order.  Although wrongfully

15  classified by DEFENDANTS as exempt from certain requirements of the Wage Order at the time of

16  hire and thereafter, PLAINTIFF, and all other members of the similarly-situated CALIFORNIA

17  CLASS, are not exempt under Industrial Welfare Commission Wage Order 4-2001 (the "Wage

18  Order"), and Cal. Lab. Code § 515.

19         32.    Section 13 of the FLSA and 29 Code of Federal Regulations Part 541, *et seq*., set

20  forth the requirements which must be satisfied in order for an employee to be lawfully classified as

21  exempt.  Although wrongfully classified by DEFENDANTS as exempt at the time of hire and

22  thereafter, PLAINTIFF, and all other members of the similarly-situated COLLECTIVE CLASS, are

23  not exempt under section 13 of the FLSA or the provisions of 29 C.F.R. 541, *et seq*.

24         33.    Despite the fact that PLAINTIFF, and the other members of the CLASS, regularly

25  worked in excess of eight (8) hours a day and/or forty (40) hours per week and/or on the seventh

26  (7th) consecutive day of a work week, they did not receive minimum wages for the time worked nor

27  overtime wages for the overtime hours worked, and as a result suffered an economic injury.

28         34.    Pursuant to California Labor Code Section 1197, the payment of wages to

1   employees less than the minimum wage established by the Industrial Welfare Commission is

2   unlawful.  DEFENDANTS  have failed to pay PLAINTIFF and the other members of the

3   CALIFORNIA CLASS wages at the amount established by the Minimum Wage Order, as set forth

4   in Cal. Code of Regulations § 11000.  The only employees to whom the applicability of the

5   minimum wage order would not apply are employees who are exempt under the executive,

6   administrative, or professional exemptions.  As described above, the duties of PLAINTIFF and the

7   other members of the CLASS do not qualify these employees for any of these exemptions.  The only

8   other employees who may be exempt from the minimum wage requirements are "outside sales

9   persons."  Neither PLAINTIFF nor any member of the CALIFORNIA CLASS were outside sales

10  persons as defined by the Wage Order because more than half the working day was not spent away

11  from the employer's place of business selling tangible or intangible items or obtaining orders or

12  contracts for products, services or use of facilities.

13           35.     California Code of Regulations § 11040(3)(A) provides that:

14                   The provisions of subsections (A), (B) and (C) [of the Wage Order] above shall not

15                   apply to any employee whose earnings exceed one and one-half (1 1/2) times the

16                   minimum wage if more than half of that employee's compensation represents

17                   commissions.

18  PLAINTIFF and the other members of the CLASS were not paid according to the structure above,

19  and were, therefore, not exempt from the requirement that they be paid overtime.  Further,

20  employees who are paid pursuant to the pay structure outlined by Cal. Code of Regs. § 11040(3)

21  would only be exempt from the provisions of subsections (A), (B) and (C), which govern the

22  payment of overtime.  Nothing in this limited exemption, however, relieves an employer from the

23  obligations of :

24           (i)      California Code of Regulations § 11040(4), which requires employers to pay at least

25                   minimum wage;

26           (ii)     California Code of Regulations § 11040(7), which requires employers to provide

27                   accurate, itemized statements;

28           (iii)    California Code of Regulations § 11040(11), which requires employers to provide

---

16

1            meal periods to employees; or

2       (iv)     California Code of Regulations § 11040(12), which requires employers to provide

3                rest periods to employees.

4       36.     Section 6 of the FLSA sets forth the requirement that employees engaged in

5 commerce, such as PLAINTIFF and the other members of the COLLECTIVE CLASS, shall be paid

6 at the applicable federally established rate of minimum wage.  DEFENDANTS  have violated

7 section 6 of the FLSA by not paying PLAINTIFF and the other members of the COLLECTIVE

8 CLASS at the rates established by section 6 of the FLSA.

9       37.     Pursuant to  29 U.S.C. § 207, PLAINTIFF and other members of the COLLECTIVE

10 CLASS, were required to be compensated for all meal breaks taken by PLAINTIFF and the other

11 members of the COLLECTIVE CLASS where they performed duties predominantly for the benefit

12 of the DEFENDANTS during the meal breaks.   Under 29 CFR 785.19, this time spent during the

13 lunch break is compensable because PLAINTIFF and the other members of the COLLECTIVE

14 CLASS were required to perform duties while eating.

15

16                          **FIRST CAUSE OF ACTION**

17              **Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA")**

18         **(By PLAINTIFF and the COLLECTIVE CLASS and Against all DEFENDANTS)**

19       38.     PLAINTIFF, and the other members of the COLLECTIVE CLASS,

20 reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 37

21 of this Complaint.

22       39.     DEFENDANTS are engaged in communication, business, and transmission

23 throughout the United States and are, therefore, engaged in commerce within the meaning of 29

24 U.S.C. § 203(b).

25       40.     29 U.S.C. § 255 provides that a three-year statute of limitations applies to willful

26 violations of the FLSA.

27       41.     The Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., states that an employee must

28 be compensated for all hours worked, including all straight time compensation and overtime

1    compensation.  29 C.F.R. §778.223 and 29 C.F.R. §778.315.  This Court has concurrent jurisdiction

2    over claims involving the Fair Labor Standards Act pursuant to 29 U.S.C. § 216.

3         42.    29 U.S.C. § 206 provides that every employer shall pay to each of his

4    employees who in any workweek is engaged in commerce or in the production of goods for

5    commerce, or is employed in an enterprise engaged in commerce or in the production of goods for

6    commerce, wages at the rate of $5.15 per hour during the period of the COLLECTIVE CLASS

7    PERIOD up to July 24, 2007, except that employees under twenty (20) years of wage must be paid

8    at least $4.25 per hour during their first 90 consecutive calendar days of employment with an

9    employer.  For the period from July 24, 2007 to twelve (12) months thereafter, the federal minimum

10   rate for hourly wages was $5.85 per hour.  Beginning July 24, 2008, the federal minimum rate for

11   hourly wages will be $6.55 per hour, until July 24, 2009, when the rate will be $7.25.

12        43.    Section 213(a)(1) of the FLSA provides that the overtime pay requirement does not

13   apply to:

14           any employee employed in a bona fide executive, administrative, or professional

15           capacity (including any employee employed in the capacity of academic

16           administrative personnel or teacher in elementary or secondary schools), or in the

17           capacity of outside salesman (as such terms are defined and delimited from time to

18           time by regulations of the Secretary, subject to the provisions of the Administrative

19           Procedure Act [5 USCS §§ 551 *et seq.*] except [that] an employee of a retail or

20           service establishment shall not be excluded from the definition of employee

21           employed in a bona fide executive or administrative capacity because of the number

22           of hours in his workweek which he devotes to activities not directly or closely related

23           to the performance of executive or administrative activities, if less than 40 per

24           centum of his hours worked in the workweek are devoted to such activities).

25        44.    DEFENDANTS have willfully engaged in a widespread pattern and practice of

26   violating the provisions of the FLSA, as detailed above, by uniformly designating certain employees

27   as "exempt" employees, by their job title and without regard to DEFENDANTS' realistic

28   expectations and actual overall requirements of the job, including PLAINTIFF and the other

members of the COLLECTIVE CLASS who worked on the production side of the DEFENDANTS' business enterprise.  This was done in an illegal attempt to avoid payment of minimum wages, overtime wages and other benefits in violation of the FLSA and Code of Federal Regulations requirements.

45.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.,* PLAINTIFF and the members of the COLLECTIVE CLASS are entitled to compensation for all hours actually worked, including time working during meal periods, compensation based on wages at a rate not less than the federal minimum wage describe above, and compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any workweek.

46.     29 C.F.R. 541.2 establishes that a job title alone is insufficient to establish the exempt status of an employee. The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part.

47.     The exemptions of the FLSA as listed in section 13(a), and as explained by 29 C.F.R. 541.3, do not apply to PLAINTIFF and the other members of the COLLECTIVE CLASS, because their work consists of non-management, production line labor performed with skills and knowledge acquired from on-the-job training, rather than from the prolonged course of specialized intellectual instruction required for exempt learned professional employees such as medical doctors, architects and archeologists.  PLAINTIFF does not hold a bachelor's degree related to finance, has not taken any prolonged course of specialization relating to finance, and has attained the vast majority of the skills used as an employee of DEFENDANTS from on the job training.

48.     For an employee to be exempt as a bona fide "executive," all the following criteria must be met and DEFENDANTS have the burden of proving that:

(a)     The employee's primary duty must be management of the enterprise, or of a customarily recognized department or subdivision;

(b)     The employee must customarily and regularly direct the work of at least two (2) or more other employees;

1        (c)     The employee must have the authority to hire and fire, or to command particularly

2              serious attention to his or his recommendations on such actions affecting other

3              employees; and,

4        (d)     The employee must be primarily engaged in duties which meet the test of exemption.

5 No member of the COLLECTIVE CLASS was or is an executive because they all fail to meet the

6 requirements of being an "executive" under section 13 of the FLSA and 29 C.F.R. 541.100.

7        49.     For an employee to be exempt as a bona fide "administrator," all of the

8 following criteria must be met and DEFENDANTS have the burden of proving that:

9        (a)     The employee must perform office or non-manual work directly related to

10              management or general business operation of the employer or the employer's

11              customers;

12        (b)     The employee must customarily and regularly exercise discretion and independent

13              judgment with respect to matters of significance; and,

14        (c)     The employee must regularly and directly assist a proprietor or an exempt

15              administrator; or,

16        (d)     The employee must perform under only general supervision, work requiring special

17              training, experience, or knowledge; and,

18        (e)     The employee must be primarily engaged in duties which meet the test of exemption.

19 No member of the COLLECTIVE CLASS was or is an administrator because they all fail to meet

20 the requirements for being an "administrator" under section 13(a) of the FLSA and 29 C.F.R.

21 541.202.   PLAINTIFF and the other members of the COLLECTIVE CLASS perform their primary,

22 day to day duties without the requisite amount of discretion and independent judgment needed to

23 qualify for the administrative exemption.

24        50.     During the COLLECTIVE CLASS PERIOD, the PLAINTIFF, and other

25 members of the COLLECTIVE CLASS, worked more than forty (40) hours in a work week and

26 were also required to perform duties that were primarily for the benefit of the employer during meal

27 periods.

28        51.     At all relevant times, DEFENDANTS failed to pay PLAINTIFF, and other members

1  of the COLLECTIVE CLASS, minimum wages for all hours worked and overtime compensation for

2  the hours they have worked in excess of the maximum hours permissible by law as required by

3  section 7 of the FLSA, even though PLAINTIFF and the other members of the COLLECTIVE

4  CLASS, were regularly required to work, and did in fact work, both regular  overtime hours.

5         52.     At all relevant times, DEFENDANTS failed to pay PLAINTIFF, and other members

6  of the COLLECTIVE CLASS, regular compensation for the hours they have worked, performing

7  duties primarily for the benefit of the employer during meal periods.

8         53.     For purposes of the Fair Labor Standards Act, the employment practices of

9  DEFENDANTS were and are uniform throughout California in all respects material to the claims

10  asserted in this Complaint.

11         54.     There are no other exemptions applicable to PLAINTIFF and/or to members of the

12  COLLECTIVE CLASS.

13         55.     As a result of DEFENDANTS' failure to pay minimum wages and overtime

14  compensation for hours worked, as required by the FLSA, PLAINTIFF and the members of the

15  COLLECTIVE CLASS were damaged in an amount to be proved at trial.

16         56.     PLAINTIFF, therefore, demands that he and the members of the COLLECTIVE

17  CLASS be paid minimum wages as required by the FLSA for every hour worked in any work week

18  for which they were not compensated,  overtime compensation as required by the FLSA for every

19  hour of overtime worked in any work week for which they were not compensated, straight wages for

20  every hour worked primarily for the benefit of DEFENDANTS during meal breaks for which they

21  were not compensated, plus interest and attorneys' fees as provided by law.

22

23                            **SECOND CAUSE OF ACTION**

24              **For Failure To Pay Earned Wages and Overtime Compensation**

25              **[Cal. Lab. Code §§ 204, 210, ~~218,~~ 510, 1194, 1197 and 1198]**

26          **(By PLAINTIFF and the CALIFORNIA CLASS and Against all Defendants)**

27         57.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

28  incorporate by this reference, as though fully set forth herein, paragraphs 1 through 56 of this

1    Complaint.

2        58.    Cal. Lab. Code § 204 requires employers to pay employees for all hours worked as

3    follows: "all wages... ...earned by any person in any employment are due and payable twice during

4    each calendar month, on days designated in advance by the employer as the regular paydays."  Cal.

5    Lab. Code § 510 further provides that employees in California shall not be employed more than

6    eight (8) hours in any workday or forty (40) hours in a workweek or on a seventh (7th) consecutive

7    workday of a workweek unless they receive additional compensation beyond their regular wages in

8    amounts specified by law.

9        59.    Cal. Lab. Code § 551 states that, "Every person employed in any occupation of labor

10    is entitled to one day's rest therefrom in seven."

11        60.    Cal. Lab. Code § 552 states that, "No employer of labor shall cause his employees to

12    work more than six days in seven."

13        61.    Cal. Lab. Code § 1194 states:

14            Notwithstanding any agreement to work for a lesser wage, any employee receiving

15            less than the legal minimum wage or the legal overtime compensation applicable to

16            the employee is entitled to recover in a civil action the unpaid balance of the full

17            amount of this minimum wage or overtime compensation, including interest thereon,

18            reasonable attorney's fees, and costs of suit.

19        62.    Cal. Lab. Code § 1197 states the requirement that a minimum wage be paid and

20    provides:

21            The minimum wage for employees fixed by the commission is the minimum wage to

22            be paid to employees, and the payment of a less wage than the minimum so fixed is

23            unlawful.

24        63.    Cal. Lab. Code § 1198 provides:

25            The maximum hours of work and the standard conditions of labor fixed by the

26            commission shall be the maximum hours of work and the standard conditions of

27            labor for employees.  The employment of any employee for longer hours than those

28            fixed by the order or under conditions of labor prohibited by the order is unlawful.

64.     DEFENDANTS have intentionally and uniformly designated certain employees as "exempt" from receiving wages for all hours worked and from receiving certain other rights, by their job title and without regard to DEFENDANTS' realistic expectations, the requirements of the job, and the method of payment made by DEFENDANTS, including PLAINTIFF and the other members of the CALIFORNIA CLASS who worked on the production side of the DEFENDANTS' business enterprise.  This was done in an illegal attempt to avoid payment of regular and overtime wages and other benefits in violation of the Cal. Lab. Code and Industrial Welfare Commission requirements.

65.     Only employees whose primary job duties meet the test of exemption as a(n) "executive," "administrator,"  "professional," or as an "outside salesperson" may be exempt from the provisions of the Wage Order that require the payment of minimum wage and overtime.  The primary job duties of the PLAINTIFF and the members of the CALIFORNIA CLASS would not qualify these employees to meet either of these exemptions.

66.     For an employee to be exempt as a bona fide "executive," all the following criteria must be met and DEFENDANTS have the burden of proving that:

(a)     The employee's primary duty must be management of the enterprise, or of a customarily recognized department or subdivision; and,

(b)     The employee must customarily and regularly direct the work of at least two (2) or more other employees; and,

(c)     The employee must have the authority to hire and fire, or to command particularly serious attention to his or his recommendations on such actions affecting other employees; and,

(d)     The employee must customarily and regularly exercise discretion and independent judgment; and,

(e)     The employee must be primarily engaged in duties which meet the test of exemption. No member of the CALIFORNIA CLASS was or is an executive because they all fail to meet the requirements of being an "executive" within the meaning of Order No. 4-2001.

67.     For an employee to be exempt as a bona fide "administrator," all of the following

23

1    criteria must be met and DEFENDANTS have the burden of proving that:

2         (a)    The employee must perform office or non-manual work directly related to

3               management policies or general business operation of the employer; and,

4         (b)    The employee must customarily and regularly exercise discretion and independent

5               judgment; and,

6         (c)    The employee must regularly and directly assist a proprietor or an exempt

7               administrator; or,

8         (d)    The employee must perform, under only general supervision, work requiring special

9               training, experience, or knowledge, or,

10        (e)    The employee must execute special assignments and tasks under only general

11              supervision; and,

12        (f)    The employee must be primarily engaged in duties which meet the test of exemption.

13   No member of the CALIFORNIA CLASS was or is an administrator because they all fail to meet

14   the requirements for being  an "administrator" under Order No. 4-2001.

15        68.    The Industrial Welfare Commission, ICW Wage Order 4-2001 also sets forth the

16   requirements which must be complied with to place an employee in the "professional" exempt

17   category.  For an employee to be exempt as a bona fide professional, all the following criteria must

18   be met:

19              (a)    The employee must primarily perform work that is intellectual or creative and

20                   that requires the exercise of discretion and independent judgment.

21              (b)    The employee must be licensed of certified by the state of California and is

22                   primarily engaged in the practice of one of the following recognized

23                   professions: law, medicine, dentistry, optometry, architecture, engineering,

24                   teaching or accounting.

25   No member of the CALIFORNIA CLASS was or is an administrator because they all fail to meet

26   the requirements for being  an "professional" under Order No. 4-2001.

27        69.    PLAINTIFF, and other members of the CALIFORNIA CLASS, do not fit the

28   definition of an exempt executive, administrative, or professional employee because:

**FIRST AMENDED** COMPLAINT

1        (a) Less than fifty percent (50%) of their work hours are spent on managerial or

2        administrative (exempt) duties;

3        (b) More than fifty percent (50%) of their work hours are spent performing non

4        exempt duties, including but not limited to answering telephones, filling out pre-

5        printed forms and following strict and exacting procedures;

6        (c) They do not have the discretion or independent judgment, in that they must follow

7        exacting and comprehensive company-wide policies and procedures which dictate

8        every aspect of their work day;

9        (d) They do not have the authority to hire and/or fire other personnel; and,

10        (e) PLAINTIFF and the other members of the CALIFORNIA CLASS did not earn a

11  monthly salary equivalent to two (2) times the state minimum wage for full-time employment.

12        70.    PLAINTIFF, and other members of the CALIFORNIA CLASS, are not outside

13  salespersons within the meaning of the Wage Order because they do not customarily and regularly

14  work more than half their working time away from the employer's place of business selling tangible

15  or intangible items or obtaining orders or contracts for products, services or use of facilities.

16        71.    PLAINTIFF, and other members of the CALIFORNIA CLASS, are not qualified

17  for exemption from overtime by virtue of receipt of payment of commissions, under subsection (D)

18  of Section 3 of the Wage Order, because the earnings of PLAINTIFF and the other members of the

19  CLASS did not exceed one and one-half (1 ½) times the minimum wage and/or less than half the

20  employee's compensation represents "commissions."

21        72.    During the class period, the PLAINTIFF, and other members of the CALIFORNIA

22  CLASS, worked more than eight (8) hours in a workday and/or forty (40) hours in a work week

23  and/or on the seventh (7th) consecutive day of a workweek.

24        73.    At all relevant times, DEFENDANTS failed to pay PLAINTIFF, and other members

25  of the CALIFORNIA CLASS, at least minimum wage for all hours they have worked and overtime

26  compensation for the hours they worked in excess of the maximum hours permissible by law as

27  required by Cal. Lab. Code §§ 510 and 1198, *et seq*. and the Wage Order, even though PLAINTIFF,

28  and the other members of the CALIFORNIA CLASS, were regularly worked regular hours at

25

1    DEFENDANTS' offices, and did in fact work overtime hours for DEFENDANTS.

2    74.    By virtue of DEFENDANTS' unlawful failure to pay additional compensation to the

3    PLAINTIFF, and the other members of the CALIFORNIA CLASS, for their regular and overtime

4    hours, the PLAINTIFF, and the other members of the CALIFORNIA CLASS, have suffered, and

5    will continue to suffer, an economic injury in amounts which are presently unknown to them and

6    which will be ascertained according to proof at trial.

7    75.    DEFENDANTS knew or should have known that PLAINTIFF, and the other

8    members of the CALIFORNIA CLASS, were misclassified as exempt from wages and

9    DEFENDANTS systematically elected, either through intentional malfeasance or gross nonfeasance,

10   not to pay them for their labor as a matter of uniform corporate policy, practice and procedure.

11   There is no basis for DEFENDANTS' failure to pay minimum wages to sales representatives.

12   76.    Therefore, PLAINTIFF, and the other members of the CALIFORNIA CLASS,

13   request recovery of regular and overtime compensation according to proof, interest, attorney's fees

14   and cost pursuant to Cal. Lab. Code § ~~218.5 and §~~ 1194(a), as well as the assessment of any

15   statutory penalties against DEFENDANTS, in a sum as provided by the Cal. Lab. Code and/or other

16   statutes. ~~Further, PLAINTIFF, and the other members of the CALIFORNIA CLASS, are entitled to~~

17   ~~seek and recover reasonable attorneys' fees and costs pursuant to Cal. Lab. Code §§ 218.5 and 1194.~~

18   77.    In performing the acts and practices herein alleged in violation of labor laws and

19   refusing to provide the requisite regular and overtime compensation, the DEFENDANTS acted and

20   continue to act intentionally, oppressively, and maliciously toward the PLAINTIFF, and toward the

21   other members of the CALIFORNIA CLASS, with a conscious and utter disregard of their legal

22   rights, or the consequences to them, and with the despicable intent of depriving them of their

23   property and legal rights and otherwise causing them injury in order to increase corporate profits at

24   the expense of PLAINTIFF and the members of the Class.

25

26                    **THIRD CAUSE OF ACTION**

27                  **For Failure to Pay Wages When Due**

28                    **[ Cal. Lab. Code § 203]**

26

**(By PLAINTIFF and the CALIFORNIA CLASS and Against All DEFENDANTS)**

78.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 77of this Complaint.

79.    Cal. Lab. Code § 200 provides that:

As used in this article:

(a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation.

(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

80.    Cal. Lab. Code § 202 provides, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

81.    Cal. Lab. Code § 203 provides:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

82.    Many of the CALIFORNIA CLASS members have terminated their employment and

1    DEFENDANTS have not tendered payment of wages owed.

2        83.    Therefore, as provided by Cal lab. Code § 203, on behalf of himself and the members

3    of the CALIFORNIA CLASS, PLAINTIFF demands thirty days of pay as penalty for not paying all

4    wages due at time of termination for all employees who terminated employment during the

5    CALIFORNIA CLASS PERIOD and demand an accounting and payment of all wages due, plus

6    interest, as provided by Cal lab. Code § 218.6 plus attorneys fees and interest as allowed by law.

7

8

9

10                    **FOURTH CAUSE OF ACTION**

11            **For Failure to Provide Accurate Itemized Statements**

12                    **[Cal. Lab. Code § 226]**

13        **(By PLAINTIFF and the CALIFORNIA CLASS and against All DEFENDANTS)**

14        84.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

15    incorporate by this reference, as though fully set forth herein, paragraphs 1 through 83 of this

16    Complaint.

17        85.    Cal. Labor Code § 226 provides that an employer must furnish employees with an

18    "accurate itemized statement in writing showing:

19        (1) gross wages earned,

20        (2) total hours worked by the employee, except for any employee whose compensation is

21        solely based on a salary and who is exempt from payment of overtime under subdivision (a)

22        of Section 515 or any applicable order of the Industrial Welfare Commission,

23        (3) the number of piecerate units earned and any applicable piece rate if the employee is paid

24        on a piece-rate basis,

25        (4) all deductions, provided that all deductions made on written orders of the employee may

26        be aggregated and shown as one item,

27        (5) net wages earned,

28        (6) the inclusive dates of the period for which the employee is paid,

1   (7) the name of the employee and his or her social security number, except that by January 1,

2   2008, only the last four digits of his or her social security number or an employee

3   identification number other than a social security number may be shown on the itemized

4   statement,

5   (8) the name and address of the legal entity that is the employer, and

6   (9) all applicable hourly rates in effect during the pay period and the corresponding number

7   of hours worked at each hourly rate by the employee."

8        86.     At all times relevant herein, DEFENDANTS violated Labor Code § 226,

9   in that DEFENDANTS failed to properly and accurately itemize the number of hours worked by

10  PLAINTIFF, and the other members of the CALIFORNIA CLASS at the effective regular rates of

11  pay and the effective overtime rates of pay.

12       87.     Both the Wage Order at Section 7 and California Code of Regulations § 11040(7)

13  further require that every employer to do the following:

14  Every employer shall keep accurate information with respect to each employee

15  including the following:

16  (1) Full name, home address, occupation and social security number.

17  (2) Birth date, if under 18 years, and designation as a minor.

18  (3) Time records showing when the employee begins and ends each work period. Meal

19  periods, split shift intervals and total daily hours worked shall also be recorded. Meal periods

20  during which operations cease and authorized rest periods need not be recorded.

21  (4) Total wages paid each payroll period, including value of board, lodging, or other

22  compensation actually furnished to the employee.

23  (5) Total hours worked in the payroll period and applicable rates of pay. This information

24  shall be made readily available to the employee upon reasonable request.

25  (6) When a piece rate or incentive plan is in operation, piece rates or an explanation of the

26  incentive plan formula shall be provided to employees. An accurate production record shall

27  be maintained by the employer.

28       88.     At all times relevant herein, DEFENDANTS violated Section 7 of the Wage Order

29

1    and California Code of Regulations § 11040(7) in that DEFENDANTS failed to properly and

2    accurately maintain information of the PLAINTIFF and other members of the CALIFORNIA

3    CLASS, consisting of time records showing when the employee begins and ends each work period

4    and the total hours worked in the payroll period with applicable rates of pay.  Further,

5    DEFENDANTS failed to make such information available to employees.

6       89.  DEFENDANTS knowingly and intentionally failed to comply with Labor Code §§

7    226, Section 7 of the Wage Order, and California Code of Regulations § 11040(7), causing

8    economic injury to PLAINTIFF, and the other members of the CALIFORNIA CLASS.  These

9    damages include, but are not limited to, costs expended calculating the true hours worked and the

10   amount of employment taxes which were not properly paid to state and federal tax authorities.

11   These damages are difficult to estimate.  Therefore, PLAINTIFF, and the other members of the

12   CLASS are entitled to recover liquidated damages of $50.00 for the initial pay period in which the

13   violation occurred, and $100.00 for each violation in subsequent pay period pursuant to Labor Code

14   § 226, in an amount according to proof at the time of trial (but in no event more than $4,000.00 for

15   PLAINTIFF and each respective member of the CALIFORNIA CLASS herein) plus reasonable

16   attorney's fees and costs pursuant to Labor Code § 226(g).

17

18           **FIFTH CAUSE OF ACTION**

19        **For Failure to Provide Meal and/or Rest Periods**

20          **[Cal. Lab. Code §§ 226.7 and 512]**

21      **(By PLAINTIFF and the CALIFORNIA CLASS and against All DEFENDANTS)**

22      90.  PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

23   incorporate by reference, as though fully set forth herein, paragraphs 1 through 89 of this Complaint.

24      91.  Cal. Lab. Code § 512 provide, in relevant part: "An employer may not employ an

25   employee for a work period of more than five hours per day without providing the employee with a

26   meal period of not less than 30 minutes, except that if the total work period per day of the employee

27   is no more than six hours, the meal period may be waived by mutual consent of both the employer

28   and employee. An employer may not employ an employee for a work period of more than 10 hours

per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

92.     Section 11 of the Order 4-2001 of the Industrial Wage Commission (the "Wage Order") provides, in relevant part:

Meal Periods:

> (A)     No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

> (B)     If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

93.     Section 12 of the Order 4-2001 of the Industrial Wage Commission (the "Wage Order") provides, in relevant part:

Rest Periods:

> (A)     Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at

31

1   the rate of ten (10) minutes net rest time per four (4) hours or major fraction

2   thereof. However, a rest period need not be authorized for employees whose

3   total daily work time is less than three and one-half (3 1/2) hours. Authorized

4   rest period time shall be counted as hours worked for which there shall be no

5   deduction from wages.

6   94.   Cal. Lab. Code § 226.7 provides:

7   (a) No employer shall require any employee to work during any meal or rest period

8   mandated by an applicable order of the Industrial Welfare Commission.

9   (b) If an employer fails to provide an employee a meal period or rest period in

10   accordance with an applicable order of the Industrial Welfare Commission, the

11   employer shall pay the employee one additional hour of pay at the employee's regular

12   rate of compensation for each work day that the meal or rest period is not provided.

13   95.   DEFENDANTS have intentionally and improperly failed to provide all rest and/or

14   meal periods without any work or duties to PLAINTIFF and the other members of the

15   CALIFORNIA CLASS who worked more than three and one half hours (3 ½) per day, and by

16   failing to do so DEFENDANTS violated the provisions of Labor Code 226.7.

17   96.   Therefore, PLAINTIFF demands on behalf of himself and the members of the

18   CALIFORNIA CLASS, one (1) hour of pay for each workday in which a rest period was not

19   provided for each four (4) hours of work during the period commencing on the date that is within

20   four years prior to the filing of this Complaint and one (1) hour of pay for each five (5) hours of

21   work in which a meal period was not provided.

22

23   **SIXTH CAUSE OF ACTION**

24   **For Failure to Indemnify**

25   **[Cal. Lab. Code § 2802]**

26   **(By PLAINTIFF and the CALIFORNIA CLASS and Against All DEFENDANTS)**

27   97.   PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

28   incorporate by this reference, as though fully set forth herein, paragraphs 1 through 96 of this

1   Complaint.

2       98.   Cal. Lab. Code § 2802 provides, in relevant part, that:

3           An employer shall indemnify his or her employee for all necessary expenditures or

4           losses incurred by the employee in direct consequence of the discharge of his or her

5           duties, or of his or her obedience to the directions of the employer, even though

6           unlawful, unless the employee, at the time of obeying the directions, believed them to

7           be unlawful.

8       99.   At all relevant times herein, DEFENDANTS have violated Cal. Lab. Code § 2802,

9   by failing to indemnify and reimburse PLAINTIFF, and all the members of the CALIFORNIA

10  CLASS for all expenditures or losses incurred in direct consequence of the discharge of

11  PLAINTIFF'S duties.  In particular, DEFENDANTS required PLAINTIFF and the other members

12  of the CALIFORNIA CLASS to utilize their personal vehicles within the course and scope of

13  employment.  Although the expenses borne from the use of personal vehicles were necessary

14  expenditures incurred by PLAINTIFF and the members of the CALIFORNIA CLASS,

15  DEFENDANTS failed to indemnify and reimburse as an employer is required to do under the laws

16  and regulations of California

17      100.   Thus, PLAINTIFF and the members of the CALIFORNIA CLASS were forced to

18  contribute to the expenses of the DEFENDANTS' business, which expenses must be refunded by

19  DEFENDANTS to each member of the CALIFORNIA CLASS.

20      101.   Cal. Lab. Code § 2802(b) and (c) provide for interest at the statutory post judgment

21  rate of 10% simple interest per annum from the date of the expenditure plus attorneys' fees to

22  collect reimbursement.

23      102.   PLAINTIFF, therefore, demands reimbursement for expenditures or losses incurred

24  by him and the members of the CALIFORNIA CLASS in direct consequence of the discharge of

25  their duties, or their obedience to the directions of the DEFENDANTS with interest at the statutory

26  rate and attorneys' fees.

27

28

**FIRST AMENDED** COMPLAINT

**SEVENTH CAUSE OF ACTION**

**For Unlawful Business Practices**

**[Cal. Bus. And Prof. Code § 17200 *et seq*.]**

**(By PLAINTIFF and the ~~CALIFORNIA~~ CLASS and against All DEFENDANTS)**

103.     PLAINTIFF, and the other members of the ~~CALIFORNIA~~ CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 10~~1~~2 of this Complaint.

104.     DEFENDANTS are "persons" as that term is defined under California Business & Professions Code § 17021.

105.     California Business & Professions Code § 17200 defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.

106.     By the conduct alleged hereinabove in the First through Sixth Claims for Relief, DEFENDANTS have violated the provisions of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq., for which this Court should issue equitable and injunctive relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld or labor taken without proper compensation.

107.     By and through the unfair and unlawful business practices described hereinabove, DEFENDANTS have obtained valuable property, money, and services from the PLAINTIFF, and the other members of the CLASS, and has deprived them of valuable rights and benefits guaranteed by law, all to their detriment and to the benefit of DEFENDANTS so as to allow DEFENDANTS to unfairly compete.

108.     All the acts described herein as violations of, among other things, the Cal. Lab. Code, California Code of Regulations, and the Industrial Welfare Commission Wage Orders, are unlawful and in violation of public policy, are immoral, unethical, oppressive, and unscrupulous, and thereby constitute unfair and unlawful business practices in violation of Cal. Bus. And Prof. Code § 17200 *et seq*.

109.     PLAINTIFF, and the other members of the ~~CALIFORNIA~~ CLASS, are further entitled to, and do,

1   seek a declaration that the above described business practices are unfair and unlawful and that an

2   injunctive relief should be issued restraining DEFENDANTS from engaging in any of these unfair

3   and unlawful business practices in the future.

4          110.    PLAINTIFF, and the other members of the ~~CALIFORNIA~~ CLASS, have no plain,

5   speedy, and/or

6   adequate remedy at law that will end the unfair and unlawful business practices of DEFENDANTS.

7   Further, the practices herein alleged presently continue to occur unabated.  As a result of the unfair

8   and unlawful business practices described above, PLAINTIFF, and the other members of the

9   ~~CALIFORNIA~~ CLASS, have suffered and will continue to suffer irreparable harm unless

10  DEFENDANTS are restrained from continuing to engage in these unfair and unlawful business

11  practices.  In addition, DEFENDANTS should be required to disgorge the unpaid moneys to

12  PLAINTIFF, and the other members of the CLASS.

13

14                          **EIGHTH CAUSE OF ACTION**

15                  **Labor Code Private Attorneys General Act**

16                        **[Cal. Labor Code § 2698]**

17          **(By PLAINTIFF and the CALIFORNIA CLASS and Against all DEFENDANTS)**

18          111.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

19  incorporate by this reference, as though fully set forth herein, paragraphs 1 through 110 of this

20  Complaint.

21          112.    PLAINTIFF gave written notice by certified mail to the Labor and Workforce

22  Development Agency and the employer of the specific provisions of this code alleged to have been

23  violated as required by Labor Code § 2699.3.  Intent not to investigate was provided by the agency

24  on July 9, 2008.  As a result, pursuant to Section 2699.3, Plaintiff may now commence a civil action

25  pursuant to Section 2699.

26          113.    The policies, acts and practices heretofore described were and are an unlawful

27  business act or practice because Defendant's failure to pay wages, failure to provide rest and meal

28  period breaks, failure to pay wages and compensation for work without rest and meal period breaks

1   and failure to provide accurate wage statements and maintain accurate time records for PLAINTIFF

2   and the other members of the CALIFORNIA CLASS violates applicable Labor Code sections and

3   gives rise to statutory penalties as a result of such conduct, including but not limited to penalties as

4   provided by Labor Code §§ 221, 226, 226.7, 558, 1174 and 1194, applicable Industrial Welfare

5   Commission Wage Orders.  PLAINTIFF, as an aggrieved employee, hereby seeks recovery of civil

6   penalties as prescribed by the Labor Code Private Attorney General Act of 2004 on behalf of

7   himself and other current and former employees of DEFENDANT, against whom one or more of the

8   violations of the Labor Code was committed.

9

10                                              **PRAYER**

11          WHEREFOR, PLAINTIFF prays for judgment against each Defendant, jointly and severally,

12   as follows:

13          A)      Compensatory damages, according to proof at trial due PLAINTIFF and the other

14                  members of the COLLECTIVE CLASS and CALIFORNIA CLASS, during the

15                  applicable COLLECTIVE CLASS PERIOD and CALIFORNIA CLASS PERIOD

16                  plus interest thereon at the statutory rate;

17          B)      Restitution, according to proof at trial, due PLAINTIFF and the other members of the

18                  CALIFORNIA CLASS, during the applicable CALIFORNIA CLASS PERIOD plus

19                  interest thereon at the statutory rate;

20          C)      One (1) hour of pay for each workday in which a meal period was not provided to

21                  PLAINTIFF and each member of the CALIFORNIA CLASS for each four (4) hours

22                  of work during the period commencing on the date that is within four years prior to

23                  the filing of this Complaint;

24          D)      An order temporarily, preliminarily and permanently enjoining and restraining

25                  DEFENDANTS from engaging in similar unlawful conduct as set forth herein;

26          E)      An order requiring DEFENDANTS to provide an accounting of all hours worked, all

27                  wages, and all sums unlawfully withheld from compensation due to PLAINTIFF and

28                  the other members of the COLLECTIVE and CALIFORNIA CLASSES;

FIRST AMENDED COMPLAINT

1      F)     Imposition of a constructive trust upon the assets of the DEFENDANTS to the extent

2             of the sums due to PLAINTIFF and to the other members of the COLLECTIVE and

3             CALIFORNIA CLASSES;

4      G)     An award of interest, including prejudgment interest at the legal rate;

5      H)     An award of liquidated damages, statutory damages, including reasonable attorneys'

6             fees and cost of suit, but only to the extent that such reasonable attorneys' fees and

7             costs are recoverable pursuant to Cal. Lab. Code §1194 or the FLSA at 29 U.S.C.

8             §216.  Neither this prayer nor any other allegation or prayer in this Complaint is to be

9             construed as a request, under any circumstance, that would result in a request for

10           attorneys' fees or costs available under Cal. Lab. Code § 218.5;

11     I)     An award of penalties as available under the law; and,

12     J)     Such other and further relief as the Court deems just and proper.

13

14  Dated:  May    August   , 2008                  BLUMENTHAL & NORDREHAUG

15

16                              By:_____

17                                  Norman B. Blumenthal
                                  Attorneys for Plaintiff Leo Weltman

18

19                              UNITED EMPLOYEES LAW GROUP

20                              Walter Haines, Esq.
                              65 Pine Ave, #312

21                              Long Beach, CA 90802
                              Telephone: (562) 256-1047

22                              Facsimile: (562) 256-1006

23

24

25

26

27

28

1

2                          **<u>DEMAND FOR JURY TRIAL</u>**

3            Plaintiff demands a jury trial on issues triable to a jury.

4

5   Dated: ~~May~~  August    , 2008           BLUMENTHAL & NORDREHAUG

6                                            By:_____
                                                  Norman B. Blumenthal
7                                                 Attorneys for Plaintiff

8
                                             UNITED EMPLOYEES LAW GROUP
9                                            Walter Haines, Esq.
                                             65 Pine Ave, #312
10                                           Long Beach, CA 90802
                                             Telephone: (562) 256-1047
11                                           Facsimile: (562) 256-1006

12

13

14

15

16

17

18
    G:\D\NBB\Weltman v. Ortho\Amend\d-FAC-redlined.wpd
19

20

21

22

23

24

25

26

27

28

**FIRST AMENDED** COMPLAINT