# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEO WELTMAN, on behalf of himself, and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ORTHO MATTRESS, INC.; and Does 1 to 10,<br><br>Defendants. | Case No. 08 CV 0840 JM WMc<br><br>**PROTECTIVE ORDER** |

WHEREAS, each of the parties are of the opinion that certain documents, information and materials requested to be produced or disclosed in discovery contain confidential information.

WHEREAS, the parties desire to safeguard the aforesaid documents, information and materials by mutually agreeing as to the proper method to keep, secure, used and handle the confidential documents, information, and materials to be produced and/or surrendered in discovery.

THEREFORE, Plaintiff Leo Weltman and Defendant Ortho Mattress, Inc., by and through their undersigned counsel of record, stipulate to, and apply jointly to the Court for, entry of this Protective Order (the "Protective Order") as follows:

## I.  Confidential Information

A party may designate any information as "Confidential" and those materials, information and/or any and all documents produced or disclosed by any of the parties in this litigation which it believes or contends contain or constitute proprietary, confidential, private, commercially sensitive, trade secret and/or other personal or business information, including, but not limited to, information related to sales, revenues, expenses, income, former or present employees, personnel, payroll, wage, compensation, commissions, or financial records, staffing, products, business characteristics or volume, pricing, bids, quotations, proposals, agreements, contracts, developments, software, copyrights, patents, intellectual property, and all other information that is restricted by statute, regulation, or agreement from disclosing to third persons without the prior consent of the affected individual or entity.

No party is precluded from applying to the Court for an Order permitting the disclosure or use of information or documents otherwise prohibited by this Protective Order, or from applying for an Order modifying this Protective Order in any respect. No party shall be obligated to challenge the propriety of any confidentiality designation (whether CONFIDENTIAL) and failure to do so shall not preclude a subsequent attack on the propriety of such designation.

## II.  Designating Confidential Information

A party to this litigation, or a third-party witness ("Party") may designate any document that contains Confidential Information as "Confidential" by stamping or otherwise marking each page containing the information as such.

### III. Access to Confidential Information

All documents, items and materials designated as "Confidential" and produced in response to and/or in compliance with discovery shall be expressly protected, kept confidential and shall be used solely for the purpose of this litigation and shall not be disseminated, except as specifically set forth below. Such confidential documents, information and materials may be revealed to, given, shown, made available to or communicated in any way, ***only*** to counsel for the parties, counsel's employees who are assisting in the prosecution or defense of this action and have been informed and agree to abide by the terms of this Protective Order, and the Court including any Court personnel assisting the Court.

### IV. Access to Confidential Information by Witnesses

Each deposition and/or trial witness, and/or third party independent experts and consultants to whom it is necessary that each confidential information/materials be shown for the purposes of this litigation, in connection with discovery and/or preparation for trial of this action, shall be permitted access to the Confidential Information provided they first comply with paragraph V below.

### V. Compliance by Witnesses

Each deposition and/or trial witness or third party independent expert and/or consultant referenced in the preceding paragraph permitted to have access or to view documents marked "Confidential" shall, prior to being afforded such access or review, be shown this Protective Order and shall sign the Agreements Pursuant to Protective Order (Exhibit A) stating that he or she has read and understands its terms and shall abide by them. A file shall be maintained by the attorneys for each party of all Agreements signed by the persons to whom Confidential documents, items and materials have been given and/or shown, which files shall, upon Order of the Court, be available for inspection and copying by opposing counsel.

**VI.    Restrictions on Use of Confidential Information**

All Confidential information produced in this action shall be used for the purposes of litigating this action only and for no other purpose whatsoever.

If during the course of a deposition, information is elicited which Plaintiff or Defendant desires not to have revealed to others, or confidential documents are referenced or attached as exhibits, the court reporter shall be directed to transcribe the question(s) and answer(s) separately from the non-confidential portions of the deposition.  The reporter shall mark the separated portion of the transcript and any related exhibits "Confidential."  Furthermore, any party may, within 21 days of the conclusion of the deposition, direct the court reporter to mark sections of a deposition transcript "Confidential" whether or not those sections were designated confidential during deposition.  Confidential information contained in a transcript or exhibits so designated are subject to this Protective Order and shall be treated in the manner prescribed in paragraph III above.

All confidential documents and materials must be kept secure and segregated in such a manner so that only those authorized persons set forth in paragraph III of this Protective Order will be permitted to have access to the confidential documents and/or materials.

The Protective Order shall be deemed applicable to all documents and materials which have been or may be requested in future discovery and designated as "Confidential" by either party without the need to seek an additional order for the same.

Documents stamped "Confidential" when filed with the pleading or as evidence, shall be delivered sealed to the Clerk of the Court and shall not be available for public inspection. Envelopes used to seal such documents shall carry the notation: **"Confidential" – this document is subject to a Protective Order issued by the Court and may not be examined or copied except in compliance with that Order.  *Leo Weltman v. Ortho Mattress, Inc.*; United States District Court for the Southern District of California, Case No. 08 CV 0840 JM WMc.**

There shall be no disclosure of material designated "Confidential" in motions, briefs or memorandum unless the motion, memorandum or brief containing such materials is itself placed in an envelope and plainly marked "Confidential" subject to this Protective Order and its

confidential status before the Court shall be protected by such further orders of the Court as may be appropriate.

The terms of this Protective Order shall remain in full force and effect until further order of this Court or a Court of competent jurisdiction and shall not cease to be in effect because this litigation is finally adjudicated. Upon termination of this action, all documents, materials and items designated "Confidential" pursuant to this Protective Order, including all copies of such documents and all summaries of data contained in such documents and compilations of any nature whatsoever derived from such documents and/or materials shall be returned to counsel of the originating party, who originally produced or filed the document, provided however, that counsel for the parties shall be entitled to retain their working files. To the extent retained working files contain information designated as "Confidential," that information shall be maintained in such a manner that access will not be given to any person not authorized to receive the information under paragraph III of this Protective Order.

## VII. Enforcement of this Protective Order

This order is subject to further court order based upon public policy or other reasons and may be modified *sua sponte* in the interests of justice.

**IT IS SO ORDERED**.

Date:   June 15, 2009

HON. WILLIAM MCCURINE
United States Magistrate Judge

## EXHIBIT A

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LEO WELTMAN, on behalf of himself, and on behalf of all persons similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ORTHO MATTRESS, INC.; and Does 1 to 10,<br><br>　　　　Defendants. | Case No. 08 CV 0840 JM WMc<br><br>**AGREEMENT PURSUANT TO PROTECTIVE ORDER** |

　　1.　　I have received a copy of the Stipulated Protective Order (the "Protective Order") entered by the United States District Court for the Southern District of California (the "Court") in the above-referenced action. I have carefully read and understand all of the provisions of the Protective Order.

| | |
|---|---|
| 1 |    2. I agree to be bound by all of the provisions of the Protective Order.  I will hold in |
| 2 | confidence, will not disclose to anyone other than those persons specifically authorized by the |
| 3 | Protective Order, and will not copy or used except for purposes of this action, any information |
| 4 | designated as "Confidential" which I receive in this action. |
| 5 |    3. I understand a violation of the Protective Order is punishable by contempt of Court, |
| 6 | and/or a claim for damages, and I hereby consent to the jurisdiction of the Court for the purpose of |
| 7 | enforcing the terms and restrictions of the Protective Order. |
| 8 | |
| 9 |   Executed on: _____ By: _____ |

-7-
PROTECTIVE ORDER