# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

LEO WELTMAN,

                             Plaintiff,

   vs.

ORTHO MATTRESS, INC.,

                            Defendant.

CASE NO. 08cv0840 JM(WMc)

ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS; DENYING MOTION FOR CLASS CERTIFICATION

      In conjunction with Plaintiff Leo Weltman's motion for class certification, Plaintiff filed an ex parte application ("Application") seeking a threshold determination on the issue of supplemental jurisdiction over the state law class claims.  On October 30, 2009 the court issued an order requesting additional briefing on the issue of supplemental jurisdiciton. The issue of supplemental jurisdiction over the state law claims is now fairly joined.  For the reasons set forth below, the court declines to exercise jurisdiction over the state law class claims and denies the motion for class certification as moot.

## BACKGROUND

      The Second Amended Complaint ("SAC"), filed on October 1, 2008, alleges eight causes of action for (1) Unfair Competition in Violation of Cal.Bus.&Prof. Code §17200; (2) Failure to Pay Overtime Wages in Violation of Cal.Lab.Code §§510 et seq.;

(3) Failure to Provide Wages When Due in Violation of Cal.Lab.Code §203; (4) Failure to Provide Accurate Itemized Statements in Violation of Cal.Lab.Code §226; (5) Failure to Provide Meal and Rest Periods in Violation of Cal.Lab.Code §§226.7 and 512; (6) Failure to Indemnify in Violation of Cal.Lab.Code §2802; (7) Failure to Pay Compensation in Violation of 29 U.S.C. §201 et.seq.; and (8) Labor Code Private Attorney General Act, Cal.Lab.Code §2698. Plaintiff asserts federal question jurisdiction based upon the alleged violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq., and supplemental jurisdiction pursuant to 28 U.S.C. §1367 over the seven state law causes of action. Plaintiff also alleges jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d).[1]

Ortho is a nationwide company that sells bedding products and mattresses with over 50 retail locations throughout California. (SAC ¶1, 2). During the Class Period, defined as the period from May 7, 2004 through the present, Ortho has employed in excess of 400 California salespersons. Ortho sells "big ticket" items, as identified in 29 C.F.R. §779.414, where "commission is the method of payment that has traditionally been used to pay salespersons wages." (Oppo. at p.1:27-28). The stores are generally staffed by a store manager and another salesperson three to four days a week, typically over the weekend; and staffed by a single employee during the middle of the week. (Spencer Decl. ¶3). When two employees are scheduled to work on the same day, they work staggered shifts, allowing the earlier arriving employee to leave work prior to closing. Id.

Plaintiff was hired by Ortho in March 2007 and continues in its employ. (SAC ¶2). Among other things, Plaintiff alleges that Ortho's employees were wrongfully classified as exempted commissioned salespersons and therefore entitled to statutory mandatory overtime provisions. (SAC ¶27-30). Under the allegedly uniform compensation structure adopted by Ortho, each Class member received a flat payment

---

[1] In his Supplemental Brief, Plaintiff concedes that CAFA cannot serve as a basis for this court's subject matter jurisdiction.

of $100 per day plus additional compensation pursuant to the Gross Profits program which was based on gross profits and not gross sales.

Plaintiff also claims that Ortho maintained a uniform wage statement policy which violated Cal.Lab.Code §226(a) because Ortho failed to provide employees with accurate wage statements showing the hours worked. The wage statements provided to Class Members failed to state the hours worked. (Locker Decl. ¶29). Plaintiff further claims that Ortho failed to reimburse employees for work-related mileage expenses and prohibited employees from taking a meal break when they worked alone at an Ortho store. (Locker Decl. ¶¶31-32).

In his motion for class certification, Plaintiff seeks to pursue the seven law state claims on a class-wide basis and to pursue the single federal claim on an individual basis. Prior to the hearing date on the motion for class certification, Plaintiff filed the Application seeking to clarify the scope of the court's supplemental jurisdiction over the state law claims. On October 20, 2009, the court requested additional briefing on the basis for this court's subject matter jurisdiction. The issues are now fairly joined for decision.

## DISCUSSION

**Supplemental Jurisdiction Over Class Claims**

This court is authorized by 28 U.S.C. §1367(a) to exercise supplemental jurisdiction over state law claims whenever the relationship between the federal and state claims is such that they "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367(a). However, 28 U.S.C. §1367(c) provides:

> (C) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if - -
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

28 U.S.C. §1367(c). As noted by the Supreme Court, supplemental "jurisdiction is a doctrine of discretion." City of Chicago v. International College of Surgeons, 522 U.S.

156, 172 (1997).  The court may decline to exercise jurisdiction over state law claims "depending on a host of factors . . . including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims."  Id. at 173; Executive Software v. U.S.Dist. Court, 24 F.3d 1545, 1555-57 (9th Cir. 1994) (holding that factors of economy, convenience, fairness and comity inform the court's decision to exercise supplemental jurisdiction).

### The Claims

The only federal claim, brought individually and not as a class claim, alleges that Defendant wrongfully characterized him as exempt from overtime compensation.  Plaintiff alleges that Defendant violated (1) Section 207(i) of FLSA by, among other things, paying him less than one and one half times the minimum wage or applying the commissioned salesperson exemption to Plaintiff and (2)   Section 213(a)(1) by improperly characterizing the scope of employment as executive, administrative, or professional in order to avoid paying overtime compensation.  (SAC ¶¶108-123).

As represented by Plaintiff, the seven state law claims broadly encompass claims that (1) Ortho misclassified its employees as exempt from overtime wages (essentially the same as the FLSA claim), (Motion at p.1:20 - 3:17); (2) the wage statements received from Ortho uniformly failed to show the hours worked in violation of Cal.Lab.Code §226(a), (Motion at p.3:18-24); (3)   Ortho failed to reimburse Class Members for work-related mileage expenses in violation of Cal.Lab.Code §2802, (Motion at p.4:9:17), and (4) Ortho denied meal breaks to employees who were working alone at its stores, (Motion at p.4:18-25).

### Common Nucleus of Operative Facts

In the main,  Plaintiff's claims arise from a "common nucleus of operative facts." United Mine Workers v. Gibbs, 383 U.S. 715, 723 (1966), in the sense that all claims arise from Ortho's alleged employment practices.  More specifically, Plaintiff's federal FLSA claim arises from the alleged wrongful characterization of Plaintiff as an

1   exempted employee for purposes of overtime compensation.  This is also the essence

2   of Plaintiff's claims for violation of Cal. Lab. Code §510 et seq. and violation of Cal.

3   Bus and Prof. Code §17200 et seq.  The court need not precisely determine whether

4   Plaintiff's other state law claims may be loosely characterized as arising from Ortho's

5   employment practices, because, for the reasons set forth below, the court concludes that

6   the state law class claims substantially predominate over the single straight-forward

7   federal FLSA claim.

8                    The Predominance of the State Class Action Claims

9            With respect to class-wide treatment of Plaintiff's state law claims, the court

10   concludes that individualized issues seriously undermine the viability of the class action

11   procedure.  For example, Ortho has come forward with undisputed evidence that certain

12   similarly situated employees to Plaintiff earned substantially in excess of the one and

13   one half minimum wage requirement of Section 207(i) of FLSA, (Spencer Decl. ¶8),

14   and therefore would be exempt from certain overtime compensation.  In such a case,

15   individualized determinations will likely predominate over class-wide issues. Another

16   concern relates to the meal period subclass.  The limited factual record before the court

17   presently reveals individualized issues concerning whether a particular manager

18   violated Ortho's written company policy to allow employees to close the store and leave

19   the premises for their meal break.  For example, Mr. Holt declares that he was instructed

20   to remain in the store and that he never took a formal lunch break.  (Holt Decl., Exh.

21   13).  He does not declare that he never took an uninterrupted lunch breach in the store,

22   conduct permitted by California law pursuant to Wage Order 7-2001, California Code

23   of Regulations, Title 8, Section 11070(11)(e) (stating that an employer may require on

24   premises meal periods).  Mr. Aldava declares that he worked alone about 80% of the

25   time and not permitted to take a lunch break.  Mr. Butski declares that he "regularly"

26   did not take meal breaks.  Ms. Unitas-Smith declares that she was unable to take a full

27   lunch break about 20% of the time.  These individualized proof determinations - - all

28   involving state law class claims - - would likely predominate over Plaintiff's single

federal claim.

Courts have routinely found that such individualized determinations weigh against class certification.  In <u>Johnson v. TGF Precision Haircutters, Inc.</u>, 2005 WL 1994286 (S.D. Tex. Aug. 17, 2005) the court decertified a FLSA collective action, in large part because whether each class member satisfied the wage requirements of Section 207(i) of FLSA presented individualized  issues not suitable for class action treatment.  In <u>Wong v. HSBV Morg. Corp.</u>, 2009 WL 151014 (Jan. 21, 2009) the district court declined to exercise supplemental jurisdiction over state law claims brought against an employer in a FLSA action.  The plaintiff alleged that the employer failed to comply with California state law by providing adequate meal and rest periods.  The district court concluded that "plaintiffs' ten state laws claims substantially predominate over plaintiffs' relatively straightforward FLSA claim and present novel issues of state law.  Put another way, if said state law claims remain joined with the federal claim herein, the 'federal tail' will 'wag what is in substance a state dog.'" <u>Id.</u> at *3.

Here, the court declines to exercise supplemental jurisdiction over the state law class claims because the state law claims substantially predominate over the relatively straight-forward FLSA claim.  The anticipated economies and convenience anticipated by the class action device do not apply under the circumstances given the individualized determinations required to assess the state law class claims.  <u>See</u> <u>Executive Software</u>, 24 F.3d at 1555-57.  Further, the state law claims implicate no federal interest yet California courts have a strong interest in enforcing state law labor claims, like those asserted by Plaintiff herein.

In sum, the court declines to exercise jurisdiction over the state law class claims.

**Supplemental Jurisdiction Over Plaintiff's Individual State Law Claims**

At the time of oral argument, Plaintiff's counsel requested that Plaintiff be permitted to pursue his state claims in state court and that the court decline to exercise jurisdiction over the state claims.  Plaintiff further represented that he desires to pursue

the state claims on an individual and class-wide basis.   As factors of economy, convenience, fairness, and comity support Plaintiff's ability to pursue his state court claims in state court, the court declines to exercise subject matter jurisdiction over the state law claims on an individual basis.[2]

In sum, the court declines to exercise supplemental jurisdiction over the state law claims and denies the motion for class certification as moot.

**IT IS SO ORDERED.**

DATED:  December 10, 2009

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:          All parties

---

[2] At the time of oral argument Plaintiff suggested that a stay of the FLSA claim pending resolution of the state law claims may be appropriate. Any such request should be presented by means of joint motion or by noticed motion brought within 90 days of entry of this order.