# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEO WELTMAN,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>ORTHO MATTRESS, INC.,<br><br>　　　　　Defendant. | CASE NO. 08cv0840 JM(WMc)<br>RELATED CASE NO. 09cv0975 JM<br><br>ORDER GRANTING MOTION TO VOLUNTARILY DISMISS FEDERAL ACTION |

Plaintiff Leo Weltman moves to voluntarily dismiss this federal action pursuant to Fed.R.Civ.P. 41(a)(2). Defendant Ortho Mattress Inc. ("Ortho") partially opposes the motion and requests that the action be dismissed under conditions that (1) Ortho be permitted to depose the experts designated by Plaintiff in this case and to conduct limited expert discovery and (2) Ortho receive payment for unnecessary costs and attorney's fees incurred in this case.[1]

By way of background, on December 10, 2009 the court issued an order declining to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 ("Order"). (Docket No. 65). In that Order, the court determined that Plaintiff's seven state law wage and hour claims, brought on behalf of himself and 400 Ortho employees, substantially predominated over the single federal claim for violation of the Fair Labor Standards Act ("FLSA"), brought individually and not as a class claim. The court noted, under the particular circumstances of this case, that prosecution of the federal claim would, in essence, wag what is in "substance a state dog." (Order at p.6: 14-15).

---

[1] This order applies to the related case as well, 09cv0975 (WMc).

At the time of oral argument, Plaintiff's counsel requested that Plaintiff be permitted to pursue his state claims on an individual and class-wide basis in state court. Plaintiff now moves to voluntarily dismiss the only remaining FLSA claim. Ortho does not oppose a conditioned dismissal subject to (1) the payment of a portion of its attorney's fees and costs and (2) the completion of expert discovery noticed prior to entry of the court's Order.

The court grants the motion to voluntarily dismiss the federal action. Whether to allow a dismissal rests in the court's sound discretion. Hamilton v. Firestone Tire & Rubber Co., Inc., 679 F.2d 143, 145 (9th Cir. 1982). Courts routinely grant voluntary dismissals unless defendant will suffer "some plain legal prejudice" as a result of the dismissal. Id. at 145. Here, the court declines Ortho's request to pursue expert discovery as a condition of dismissal because Plaintiff may seek such discovery in state court. The parties to this action are actively pursuing this case in state court. There is no showing that state discovery procedures, including those targeting experts, are not available to Ortho in state court. Consequently, the court declines Ortho's request to condition dismissal upon completion of expert discovery.

With respect to costs and attorney's fees, Ortho requests the opportunity to submit briefing and request fees for the time spent on activities "that will not assist Ortho in future litigation with Plaintiff." (Oppo. at p.5:13). Ortho represents that it will seek fees related to filing fees, transcript costs and attorney's fees relating to the filing of its answer, submitting briefing on jurisdictional issues, and opposing Plaintiff's motion for class certification. Here, the court has the authority to award attorney's fees and other costs incurred as a condition to a voluntary dismissal. Id. However, any award "should be limited to those expenses that will not benefit the defendant in subsequent, continuing, or pending litigation or otherwise provide a windfall to the defendant." 24 AmJur.2d Dismissal §53. As the tasks for which Ortho seeks compensation appear to benefit Ortho in state court, the court denies the request. With respect to filing fees, the court notes that Ortho did not pay any filing fees; they were paid by Plaintiff upon commencing this action. (Docket No. 1). With respect to transcript costs, the court notes that such transcripts will be used during the state court proceedings. With respect to the filing of an answer and opposing the motion for class certification, the court notes that such documents provide benefit to Ortho in state court.

1    Finally, with respect to the jurisdictional issues and the shifting of Plaintiff's position with
2 respect to pursuing the FLSA claim as an individual, instead of as an "opt-in" FLSA class, the court
3 acknowledges that Plaintiff fundamentally altered the jurisdictional landscape by dropping his FLSA
4 class claims. However, the focus of the federal claim is based upon allegations that Ortho wrongfully
5 characterized him, and all other class members, as exempt from overtime compensation. (SAC ¶108-
6 123). These are essentially the same allegations supporting Plaintiff's state law claims for failure to
7 pay overtime compensation pursuant to Cal.Lab.Code §§510 et seq. Consequently, much of the
8 discovery developed with respect to the FLSA claim applies and provides benefit to the parties in the
9 state court litigation. Under, these circumstances, the court declines to award attorney's fees.[2]

10   In sum, the court grants the motion to voluntarily dismiss the federal action. The Clerk of
11 Court is instructed to close the file.

12   **IT IS SO ORDERED.**

13 DATED: March 8, 2010

15 _____
Hon. Jeffrey T. Miller
United States District Judge

cc:    All parties

---

[2] The court also declines to award attorney's fees based upon the court's briefing request on issues of supplemental jurisdiction. (Docket No. 58).